Affirmed.

John L. Woodward, of Washington, D. C. (George B. White, of San Francisco, Cal., of counsel), for appellant.

W. W. Cochran, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, LENROOT, and JACKSON, Associate Judges.

LENROOT, Associate Judge.

This is an appeal from a decision of the Board of Appeals of the United States Patent Office affirming a decision of the examiner rejecting, for lack of patentability in view of the cited prior art, claims 22 to 27, inclusive, of appellant's application for a patent.

Upon the oral hearing before us appellant moved to dismiss the appeal with respect to claims 23 and 24, and it will be so ordered.

Of the remaining claims, viz., 22 and 25 to 27, inclusive, claim 22 is illustrative and reads as follows: "22. The combination with a vehicle frame, of a bulldozer pushing element, means pivoted on the frame to support said bulldozer pushing element, a plurality of ground breaking elements on said pivoted means spaced from said pushing element being adapted to ride on the surface of the ground during the moving of the bulldozer pushing element in one direction and to penetrate the ground during the moving of the bulldozer in the opposite direction, and means for adjusting said pivoted means so as to simultaneously move said bulldozer pushing element and said ground breaking elements into and out of operative positions relatively to the ground and to the vehicle frame."

The references relied upon are: Hopfield, 1,457,878, June 5, 1923; Allin et al., 2,081,192, May 27, 1937.

Appellant's brief concisely describes appellant's alleged invention, which description, omitting reference numerals, reads as follows: " * * * The invention described in said application relates to a device for earth working machinery, whereby said earth working machinery is enabled to function as a bulldozer for pushing loose earth when moving forward and to function as a ground breaking tool when moving

29 C.C.P.A. (Patents)

## In re LESCHINSKY.

### Patent Appeal No. 4547.

Court of Customs and Patent Appeals.
Dec. 1, 1941.

backwards. These functions are performed by the machine automatically and without the need for individually and separately manipulating the pusher element and the ground breaking blades, and the operations are independent of the position or level of the wheels of the vehicle or tractor on which the device is carried. This is accomplished, as shown in the drawings * * *, by supporting a usual bulldozer pusher element * * * at the forward ends of a pair of side arms * * *, and supporting a row of ground breaking blades * * * between said side arms and behind said pusher element, but still in front of the wheels of the vehicle * * *, and finally by pivoting the rear ends of the side arms * * * on the vehicle * * * so that the side arms are allowed to move vertically with both the pusher element and the ground breaking blades moving simultaneously. The side arms are initially supported by the usual hydraulic ram * * *, whereby the whole attachment is dropped to the ground into operative position at will, thereafter the operation becomes automatic controlled solely by the direction of the movement of the vehicle. This is made possible by the arrangement of the parts of the combination in the aforedescribed relationship, and by the forming and mounting of the ground breaking blades * * * in such a way that the blades * * * ride on the surface of the ground * * * when the machine is moved forward, and automatically bite into the ground * * * when the machine is moved backward. The riding of the bulldozer pushing element on the ground controls the depth of penetration by the blade, independently of the wheels of the tractor. * * *"

The device disclosed in the Hopfield patent differs from appellant's structure principally in the following particulars:

1. The side arm members, while pivoted to the vehicle at the rear, as in appellant's structure, are also carried on the tiller wheels and therefore have no movement independently of said wheels.

2. The bulldozer pusher element is raised and lowered by a separate power mechanism, and by manual control, independently of the side arms, and the ground breaking element is also separately and manually raised and lowered by a lever. The position of the ground breaking element is not dependent on the position of the pusher element on the ground.

The patent to Allin et al. relates to a rock blade for bulldozers, in which a tractor is provided with a frame which supports a mold board and also teeth which are ground breaking elements. The teeth may be set to point either forwardly or rearwardly. The mold board and teeth comprise a single unit and cannot be separately manipulated. The device is provided with a lever mechanism for adjusting the unit as a whole, although the patent refers only to the adjustment of the teeth. The patent states:

"This invention relates to improvements in ripper and bucker equipment, and it has reference more particularly to an improved form of blade that is designed for use especially on bulldozers, or similar machines; which blade is equipped with road ripping teeth mounted in a manner whereby a roadway may be torn up and whereby rocks, roots, etc., may be combed from the finer material.

"More specifically stated, the present invention resides in the provision of a rock blade, including a mold board whereby a plurality of teeth are mounted for the ground ripping and combing action, and which teeth are adjustably mounted and are removable for replacement or sharpening."

The decision of the Board of Appeals is short, the material part of which reads as follows:

"The invention relates to a bulldozer attachment for a vehicle such as a tractor. This attachment comprises side bars pivoted at their rear ends on the vehicle so they can be moved vertically. A bulldozer pusher element unites the front ends of the side bars and a plurality of ground breaking elements are supported on the side bars intermediate their ends. An adjusting means is provided for raising and lowering the side bars to simultaneously adjust the bulldozer pushing element and the ground breaking elements.

"The Hopfield patent discloses a vehicle, side bars pivoted at their rear ends to the vehicle and ground wheels provided on the front ends of the side bars. A bulldozer pusher element is mounted on the front ends of the side bars and ground breaking elements are mounted on the side bars intermediate the front and rear ends. Separate adjusting means are provided for vertically adjusting the bulldozer pusher element and the ground breaking elements on the side bars.

"Allin et al. disclose that it is broadly old to provide a common means for adjusting a

bulldozer pusher element and the ground breaking elements simultaneously. In view of this patent it is our view that it would not be inventive to modify the Hopfield patent by employing a common means to raise and lower the side frames to simultaneously raise and lower the bulldozer pusher element and the ground breaking elements. Of course certain changes must be made to make this modification. The adjusting means must be mounted on the main part of the vehicle and the operator's seat would be mounted on the main part of the vehicle. These changes would be obvious from the Allin et al. patent.

"Some other limitations are emphasized in the claims by the applicant but we find none that patentably distinguish over the art."

We do not think that the statement of the board is entirely accurate that "Allin et al. disclose that it is broadly old to provide a common means for adjusting a bulldozer pusher element and the ground breaking elements simultaneously." This language implies that Allin's pushing means and his ground breaking means are separate units having a common means of adjustment. Allin's patent, as hereinbefore indicated, shows that the ground breaking element is in fact rigidly connected to the pusher element, though removable therefrom, and functions under certain conditions as a part of the pusher element. The Allin patent states, omitting numerals: " * * * The rear end of frame * * * is pivotally secured to the tractor and its forward end is vertically adjustable by a lever mechanism designated at * * *, thereby to regulate the elevation of the teeth above, or within the ground."

Said patent further states:

"It is also to be pointed out that with the teeth mounted in the manner illustrated in Fig. 1, the machine is adapted particularly to brush bucking, and when a pile of brush has been accumulated in front of the blade, it may be lifted and transported on the teeth to some point of disposition.

"It is contemplated also that means shall be provided in connection with this blade for retaining the brush pile on the teeth, or that the blade shall be made to tilt upwardly to facilitate holding the pile of brush thereon."

Allin's mold board could not by any sort of mechanism be adjusted separately from the teeth mounted thereon. For this rea-

son we are of the opinion that the Allin patent would not suggest to one skilled in the art that the Hopfield patent could be modified by employing a common means to simultaneously raise and lower the bulldozer pusher element and the ground breaking element disclosed in the Hopfield patent.

We would further observe that the portion of Allin's device corresponding to the bulldozer pusher element disclosed by appellant, and to the scraper element disclosed by Hopfield, is always spaced from the ground by the teeth attached thereto.

It is true that Allin's combined pusher element and ground breaking element is pivotally attached to a supporting frame, and that appellant's separate bulldozer pusher and ground breaking elements are pivotally attached to a supporting frame; but we find nothing in either of the references to suggest to one skilled in the art that ground breaking means and bulldozer pusher means could be separately and in spaced relation attached to the side frames, which side frames are pivotally attached to a supporting frame, and that means could be provided for adjusting said pivoting means to simultaneously move said bulldozer pusher element and said ground breaking elements into and out of operative positions relative to the ground and to the vehicle frame.

We think the following statement made by us in the case of In re Smith, 118 F.2d 722, 728, 28 C.C.P.A., Patents, 1026, is here applicable:

"It seems to us that if obviousness can be said to be derived from the references, on the record here it must necessarily spring from knowledge derived from appellant's structure, and we think the following statement made by the court in the case of In re Deakins, 96 F.2d 845, 849, 25 C.C.P.A., Patents, 1153, is applicable:

" 'We have carefully examined the references for a suggestion of appellant's combination and the new and useful results obtained thereby, but have found none. Of course, if the references are examined in the light of appellant's disclosure, the solution of the problem confronting appellant seems simple. A problem solved is no longer a problem, and one is prone to overlook the fact that it ever existed.' "

It is our opinion that without a knowledge derived from appellant's disclosure, and having only the teachings of the cited references, it would not be obvious to one

skilled in the art to modify the Hopfield patent to produce the structure of appellant, which is concededly new and useful.

The appeal as to claims 23 and 24 is dismissed. The decision of the Board of Appeals with respect to claims 22 and 25 to 27, inclusive, is reversed.