**UNITED MERCHANTS AND MANUFACTURERS, INC., Plaintiff,**

**v.**

**David L. LADD, Commissioner of Patents, Defendant.**

**Civ. A. No. 1818-62.**

United States District Court
District of Columbia.

Oct. 31, 1963.

Martin T. Fisher, Eugene Sabol, Washington, D. C., for plaintiff.

Clarence W. Moore, Sol., U. S. Patent Office, Washington, D. C., for defendant.

JACKSON, Judge.

On August 9, 1954, David Silman, filed his application in the Patent Office, Serial No. 448,655, entitled "Surface Coverings". The plaintiff herein, assignee of David Silman, duly filed this action under Section 145 of 35 U.S.C. praying that defendant, Commissioner of Patents, be authorized to grant a patent on all of the claims of that application.

At the trial, counsel for plaintiff moved to dismiss the Complaint as to claims 1 to 4, and 6, 7 and 14, thus leaving claims 5, 9 to 11, inclusive, and 16 to 18, inclusive, before the Court. Those remaining claims are drawn to both the product and a method of making the product, and it is agreed that they stand or fall together.

Claims 16 and 5 are illustrative of the product and method claims, respectively, and are as follows:

"16. As a new article of commerce, self-adhesive decorative surface covering material in sheet form comprising an opaque plastic film bearing a decorative pattern on one side and coated with pressure sensitive permanent adhesive on its other side, and a temporary backing in contact with the exposed adhesive, said backing being adapted subsequently to be stripped from contact with the adhesive."

"5. Method of making self-adhesive decorative surface covering material in sheet form which includes the steps of applying a decorative pattern to the top side of the material and a pressure sensitive permanent adhesive to the under side thereof, securing a temporary paper backing to the exposed pressure sensitive permanent adhesive, said backing

being adapted subsequently to be stripped from the adhesive, and printing instructions on the exposed surface of said temporary paper backing for stripping the backing from the adhesive and applying the decorative surface covering to a surface to be covered."

As will be apparent from an inspection of the above claims, the invention relates to a triple laminated sheet designed to be used as a surface covering for decorating and refinishing hard surfaced objects, such as walls, counters, doors, window sills, household furniture, and bathtubs. This product is marketed under the trademark "Con-Tact", and hereinafter that name will be used when reference is made to the claimed sheets in this opinion.

More specifically "Con-Tact" consists of a base sheet coated on one side with pressure sensitive adhesive and a paper backing which protects the adhesive and which can be readily stripped off before the base sheet is applied to a surface. This base sheet may be a plastic film or a film-cloth laminate, preferably, polyvinyl chloride, and the pressure sensitive adhesive is of the polyisobutylene type.

In spite of the simplicity of the invention, the Examiner and the Board of Appeals found it necessary to use seven patents to reject the claims in this application. These patents related to adhesive labels and tapes, adhesive bandages, wallpaper coated with a moist adhesive, removable advertising display units, a method preventing superimposed layers of plastic from sticking together, an industrial process for using backing sheets as a temporary support for thermoplastic transfer films, and certain types of pressure sensitive adhesives.

█ Undoubtedly, these patents disclose, individually, the separate elements or components of the invention. However, none of them teaches or even suggests combining these various elements or components in the manner taught by Silman, and it is well settled that references may not be combined where there is no suggestion in any of the references

that they can be combined to meet the recitations of the claims. In re Shaffer, 229 F.2d 476, 43 CCPA 758, and In re Hortman, 264 F.2d 911, 46 CCPA 814.

Admittedly, from its very simplicity, and with the advantage of hindsight, one might off-handedly be of the opinion that anyone should have been able to make the invention after studying the prior art. However, it is clear from the record that none of the references disclose, or even suggest, Silman's inventive concept of making a durable, inexpensive, easy-to-apply surface covering, and, in the opinion of the Court, this concept is the crux of Silman's invention. Given this concept, any person skilled in the art could have made "Con-Tact"; however, no one realized the desirable and practical features that a product such as "Con-Tact" would have before Silman. The record clearly shows that the following statement by the Court in In re Smith, 118 F.2d 722, 723, 728, 28 CCPA 1026, is also applicable in this case:

"We have carefully examined the references for a suggestion of appellant's combination * * * but have found none. Of course, if the references are examined in the light of appellant's disclosure, the solution of the problem confronting appellant seems simple. A problem solved is no longer a problem, and one is prone to overlook the fact that it ever existed."

See also In re Deakins, 96 F.2d 845, 25 CCPA 1153, and In re Leschinsky, 123 F.2d 645, 29 CCPA 736.

Furthermore, it also appears to the Court that at the time Silman made his invention, there had been a long-felt public want or need for a product such as "Con-Tact". It should be remembered that before the invention of "Con-Tact", the only materials that were used to redecorate or recover surfaces were paint, wallpaper, varnish, tiles, etc. These materials necessitated the use of such tools as brushes, rollers, paste, scrapers, pans, buckets, drop cloths, and the like. Moreover, if an ordinary householder attempted to do the job himself, he found that it

was, at best, a messy operation, and if he was not extremely careful, the whole job could be easily botched.

The evidence shows that "Con-Tact" was a revolutionary improvement in the art of redecorating. This product is sold in rolls like waxed paper, and all that a householder has to do to redecorate a surface is cut a piece from the roll, strip off the backing sheet, and press the adhesive side against the surface. Without distortion, wrinkling or tearing, this piece of 'Con-Tact" can be taken up and put down repeatedly. Furthermore, the only tool required is a scissors or a sharp knife. Clearly, this invention permits even an awkward person to do a professional-looking job of refinishing or redecorating.

As might have been expected, "Con-Tact" met with amazing commercial success, even though the amount spent for advertising has been kept to a minimum —less than 2½ percent of sales per year. For example, the only advertising, prior to the first offering, was one-half page in the New York Times, and one page in the Brooklyn-Nassau Edition of the tabloid New York Daily News. Even so, such large merchandising firms as Gimbles in New York, and Abraham & Strauss in Brooklyn were barely able to meet the initial demands even though they had a stock on hand which was supposed to be adequate for several months.

It should also be noted that large plastic companies in France and England approached plaintiff within less than a year after the first sale of "Con-Tact" in the United States for licenses to make and sell "Con-Tact" abroad. Subsequently, nine companies were, and still are, licensed to make and sell "Con-Tact" throughout the world, and negotiations are presently underway to license three additional companies in South America.

For the reasons set forth above, the Court finds for the plaintiff and against the defendant, and authorizes the Commissioner of Patents to grant a patent on claims, 5, 9, 10, 11, 16, 17 and 18.

The foregoing Opinion contains Findings of Fact and Conclusions of Law.