230

Affirmed.

36 C.C.P.A.(Patents)

**Application of UDY.**

**Patent Appeal No. 5515.**

United States Court of Customs and Patent Appeals.

March 1, 1949.

Clarence M. Fisher, of Washington, D. C. (Pennie, Edmonds, Morton & Barrows, of New York City, of counsel), for appellant.

W. W. Cochran, of Washington, D. C. (Clarence W. Moore, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GARRETT, Chief Judge, and HATFIELD, JACKSON, O'CONNELL and JOHNSON, Judges.

O'CONNELL, Judge.

This is an appeal from the decision of the Board of Appeals of the United States Patent Office affirming the action of the Primary Examiner in rejecting all the claims in appellant's application for a patent for alleged "improvements in Metallurgy." Of such claims, 5 to 8, inclusive, are directed to an exothermic reaction mixture, and the remainder of the claims, 13 to 16, inclusive, are directed to a "method of producing sound metal castings."

The claims were rejected as unpatentable over the following cited prior art: Udy 2,243,784 May 27, 1941; Francis et al. 2,-294,169 Aug. 25, 1942.

Claims 5 and 13 are considered sufficiently illustrative. They read:

"5. An exothermic reaction mixture for use in providing slag layers on the surfaces of molten metals in casting molds and ingot molds to inhibit or reduce piping, consisting essentially of iron oxide, sodium nitrate and non-carbonaceous reducing material, the reducing material being present in the reaction mixture in amount sufficient to react with all of the sodium nitrate and to reduce a portion only of the iron of the iron oxide and the components of the reaction mixture being present in such quantities and being so proportioned as to be capable upon ignition of the reaction mixture of reacting exothermically to produce molten iron oxide-bearing slag.

"13. The method of producing sound metal castings which comprises pouring molten metal into a suitable mold, contacting with an upper surface of molten metal within the mold an exothermic reaction mixture consisting essentially of iron oxide, sodium nitrate and non-carbonaceous reducing material, and thereby forming molten slag in contact with the molten metal, and maintaining the metal and slag in contact until the metal has solidified, the reducing material being present in the reaction mixture in amount sufficient to react with all of the sodium nitrate and to reduce a portion only of the iron of the iron oxide and the components of the reaction mixture being present in such quantities and being so proportioned as to be capable upon ignition of the reaction mixture of reacting exothermically to produce molten iron oxide-bearing slag."

Claims 6, 7, and 8 contain the same limitations as claim 5, with the respective exceptions that claim 6 defines the non-carbonaceous reducing material as comprising silicon; claim 7, as comprising aluminum; and claim 8, as ferrosilicon. Claims 14, 15, and 16, as correctly pointed out in appellant's brief, differ from claim 13 in the same manner, respectively, that claims 6, 7, and 8 differ from claim 5.

The subject matter of the claims relates to a composition and to a method for reducing piping during solidification of metal in a mold, such as iron and steel. A "pipe" is described in appellant's specification as a cavity formed in the interior of the metal during the process of casting which makes the portion of the casting containing the pipe defective and requiring that it be discarded at some time subsequent to casting. To inhibit or reduce piping, an exothermic reaction mixture is used by appellant in providing a slag which forms an insulating

layer on the surface of the molten metal in the mold to prevent a too-rapid cooling of the metal as it solidifies.

The patent to Udy, which is appellant's own prior patent, relates to metallurgy and provides for metallurigical methods and materials. The patent discloses that an important object of the invention is to provide a method of altering the compositions of metal products containing iron; to provide exothermic mixtures suitable for use in the production of metallic iron; and to provide a method of producing metallic iron products suitable for use in the production of high-strength castings from metal.

In the production of the castings, the patentee Udy employs the principle of dilution of relatively impure metallic iron products with relatively pure metallic iron. The disclosure further contemplates the provision of methods and materials for increasing the temperatures of molten metal baths and for melting metals. In that connection, the following pertinent statements relative to the use of exothermic mixtures are set forth in the specification of the patent: "Reaction mixtures for incorporating iron or iron and silicon in molten metal baths may comprise silicon-containing material such as ferrosilicon, oxidizing material such as sodium nitrate or sodium chlorate, particles of metallic iron and lime, or iron oxide, or lime and iron oxide or calcium ferrite (calcium oxide chemically combined with ferric oxide). * * *"

Where molten iron only is incorporated into the reaction mixture, the specification of the patent provides:

"the silicon may be employed in a more limited amount such that only a portion of any iron oxide present will be reduced and the unreduced iron oxide will function to increase the fluidity of any slag produced.

"In producing an exothermic mixture in accordance with the invention, I may employ one part by weight of silicon for oxidation to not less than about twenty (20) parts by weight of metal to be melted. * * *"

The patent to Francis et al. relates to the manufacture of iron and steel castings, and accomplishes the same object which appel-lant in the present case had in view. The method of manufacture disclosed in the patent, however, shows the use of an exothermic mixture in forming the slag for the surface of the metal which differs from the exothermic mixture defined in the appealed claims. According to the disclosure of the patent, as soon as the metal has been cast in the usual manner to fill the hot sinkhead on the mold, the surface of the metal is covered immediately with a layer of thermite mixture containing aluminum powder, iron oxide and fluorspar.

The examiner rejected claims 5 to 8, inclusive, on the ground that the precise composition defined in such claims is disclosed in the patent to Udy. They were further rejected by the examiner, together with claims 13 to 16, inclusive, as being unpatentable over the disclosure of Francis et al. in view of Udy. Claims 13 to 16, inclusive, were further rejected by the examiner as being unpatentable over Francis et al. in view of Udy. The examiner summarized his grounds of rejection as follows:

"1. Udy discloses the composition claimed by applicant and recites that a portion only of the iron oxide may be reduced to increase the fluidity of the slag.

"2. Francis discloses an anti-piping process using an exothermic reaction slag producing mix and no invention would be involved in substituting the mix of Udy for the mix of Francis et al.

"3. No invention is seen to reside in decreasing the reducing agent of Francis et al. so that a portion only of the iron oxide is reduced, especially since Udy teaches that this is a common expedient if a more fluid slag is desired."

The Board of Appeals agreed with the grounds of rejection stated by the examiner and explained its reason for so doing. A petition for reconsideration was considered by the board, and denied by it with respect to making any change in its original decision.

Appellant contends that the disclosure of the patent to Udy and the instant application relate to non-analogous arts and, therefore, the disclosure of the patent to Udy is not a valid reference; that the respective

compositions set forth in appellant's patent and in the instant application are different in essential aspects and are specifically compounded to perform different functions; and that the board erred in combining the disclosures of the cited references in rejecting the appealed claims.

Appellant concedes in his brief that the patent to Francis et al. relates to analogous art, and the rule is well established that "In considering more than one reference, or a reference alleged not to be in the art involved, the question always is: does such art suggest doing the thing which the applicant has done?". In re Fridolph, 134 F.2d 414, 30 C.C.P.A., Patents, 939, 942. It is our opinion that the cited references in the case at bar clearly suggests doing the thing that appellant has done.

The patent to Udy, as the board correctly observed, "teaches the exclusive use of ferrosilicon, sodium nitrate and iron oxide as the composition, with the further proviso * * * that only a portion of the iron oxide is to be reduced," and that it was only a matter of choice to add other fluxing materials to the mix. The use of exothermic mixtures to incorporate iron or iron and silicon into molten metal, as hereinbefore set forth from the disclosure of the patent to Udy, include the three essential ingredients of the composition respectively defined by the claims on appeal.

As the board noted, appellant's instant application is broadly expressed. It does recite the exact proportions of the components of the illustrative exothermic reaction mixture in the single example set forth in the application, but there is no expression therein that such proportions are critical, nor are those proportions referred to in any of the appealed claims.

Furthermore, as the patent to Udy discloses the same composition that is employed by appellant in his present application, and the patent to Francis et al. shows the same steps of the method of manufacturing castings from metal that is employed in the present application by appellant, there was no error in the decisions of the tribunals of the patent office in holding, for the reasons stated by them, that the claims were unpatentable over the disclosures of those two patents.

Appellant emphasizes the point that the references do not specify the function performed by the presence of the iron oxide in the molten slag. The examiner presumed that the presence of the iron oxide was to increase the fluidity of the slag, and correctly pointed out that appellant "has not once mentioned the function of the presence of iron oxide either in the specification or amendments."

Appellant raises the further point that the limitation contained in all the claims as to the exothermic reaction mixture "consisting essentially of iron oxide, sodium nitrate and non-carbonaceous reducing material," distinguishes the claims from the disclosure of the patent to Udy. There appears to be no merit in that position in view of the fact that appellant's specification expressly provides that the composition "may" consist essentially of the three materials, and that those three materials are used exclusively in the disclosure of the patent to Udy.

Appellant's arguments have all been carefully considered but we are not convinced that the board erred in its conclusion based upon the applicability of the prior art cited. In view of this conclusion, it is deemed unnecessary to discuss additional points which have been presented by counsel and the decision of the Board of Appeals is accordingly affirmed.

Affirmed.