## In re SMITH.

(Court of Appeals of District of Columbia. Submitted November 17, 1919.
Decided January 5, 1920.)

### No. 1270.

1. PATENTS ☞74—ANTICIPATION BY PRIOR PATENT REGARDLESS OF INTENT.
   A claim cannot be allowed to an applicant for a patent for a construction disclosed in a prior patent, which would inherently accomplish applicant's purpose, whether intentionally or not.

2. PATENTS ☞25—INVENTION NOT SHOWN BY AGGREGATION OF OLD DEVICES.
   Merely bringing old devices into juxtaposition, and there allowing each to work out its own effect, without the production of something novel, is not invention.

Appeal from a Decision of the Commissioner of Patents.

In the matter of the application of William A. Smith for patent for motor. On appeal by applicant from decision of Commissioner of Patents. Affirmed.

B. G. Foster, of Washington, D. C., for appellant.
T. A. Hostetler, of Washington, D. C., for appellee.

SMYTH, Chief Justice. Smith appeals from a decision of the Commissioner of Patents rejecting his application for a patent for an improvement in motors, on the ground that he was anticipated by two patents, one to Joy August 4, 1868, and one to Wakfer October 20, 1914. There are five claims, of which 1 and 4 are examples:

1. In a motor of the character set forth, the combination with a cylinder member having a head chamber and opposite neck chambers extending therefrom, of a piston in the cylinder member, comprising a head operating in the head chamber and oppositely extending necks operating in the said neck chambers, said piston being reversible to permit either neck to operate in either neck chamber, means for supplying motive fluid alternately to opposite sides of the piston head, and means for permitting a portion of such motive fluid supplied to one side of the head to pass into one of the neck chambers behind the neck therein.

4. In a motor of the character set forth, the combination with a cylinder member having a head chamber and opposite neck chambers extending therefrom, of a piston in the cylinder member comprising a head operating in the head chamber, necks operating in the opposite neck chambers, said piston being reversible to permit either neck to operate in either neck chamber, and means for supplying motive fluid alternately to opposite sides of the piston head, said means being controlled by the piston necks.

[1] Claims 1 and 2 read directly on Wakfer. While the passage 16 and 17 in his patent might not suggest the use of a like passage for the purpose outlined by Smith, it would necessarily give the same result. An inspection makes this apparent at once. As the Examiners in Chief said, a claim cannot be allowed to Smith, the appellant, for a construction disclosed by Wakfer "which would inherently accomplish applicant's purpose," whether intentionally or not.

[2] With respect to claims 3, 4, and 5, the Joy patent, particularly

Figure 8, anticipates them. Certain changes, it is true, would be required to make the one conform to the other, but this would not call for invention, for all the factors revealed by the claims are old in the art.

"Merely bringing old devices into juxtaposition, and there allowing each to work out its own effect without the production of something novel, is not invention." Hailes v. Van Wormer, 20 Wall. 353, 368 (22 L. Ed. 241).

We think the decision of the Commissioner should be affirmed. Affirmed.