30 C.C.P.A.(Patents)

## In re FRIDOLPH.
### Patent Appeal No. 4686.

Court of Customs and Patent Appeals.
March 1, 1943.

Barnes, Kisselle, Laughlin & Raisch, of Detroit, Mich. (John M. Kisselle, of Detroit, Mich., of counsel), for appellant.

W. W. Cochran, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, LENROOT, and JACKSON, Associate Judges.

BLAND, Associate Judge.

Annette Fridolph appeals here from a decision of the Board of Appeals of the United States Patent Office which affirmed that of the Primary Examiner in rejecting, in view of the prior art, claims 1, 2, 3, 4, 5, 6, 11, and 12, of her application for a patent relating to "bandages and method of making same." Claims 7, 8, 9, and 10, the method claims in the application, were allowed.

Claim 1 of the appealed claims is illustrative of all of them and reads:

"1. An article of manufacture adapted for use as a surgical bandage and the like, comprising a length of flexible yielding material of substantial width having a cross-head connecting means of stiffened, relatively impenetrable material secured direcly to each end of said length of material each connecting means being materially shorter than the full width of the material which is decreased in width adjacent said connecting means by smooth overlapping folds so that the width thereof approximates the length of the connecting means, said connecting means being relatively long and narrow but of sufficient length so as to be threaded through an eyelet, aperture or loop and then assume a crosswise position with respect thereto, whereby it is detachably secured in position."

The references relied upon are:

| | | | |
|---|---|---|---|
| Shepherd, (Brit.) | 12,703 | Aug. 31, | 1916 |
| Langhammer | 1,483,896 | Feb. 19, | 1924 |
| German Patent | 434,867 | Sep. 19, | 1924 |
| Blank, (Swiss) | 135,093 | Nov. 1, | 1929 |
| Swanstrom | 1,822,912 | Sep. 15, | 1931 |
| Rohlfing | 1,980,958 | Nov. 13, | 1934 |

The "connecting means" referred to in the claims, according to appellant's specification, is adaptable for use on infants' paper diapers, surgical dressings, hair bands, or ladies' belts and is particularly adapted to the making of catamenial bandages or sanitary napkins wherein a filler or absorbent material or pad is used in connection with a gauze bandage as a holder. In appellant's disclosure, absorbent pads are confined within the folds of a strip of gauze, which is wrapped around the pads several times. The strip of gauze is continuous, but considerable space is left between the absorbent pads. Every other pad is then twisted with respect to the strip so that it is turned upside down. This operation brings the different parts of the gauze at the ends of the pads into close contact at the point of twisting. At this point the gauze is severed, and a clip, of certain characteristics and material hereinafter referred to, is fastened to the end of the gauze tips.

Some of the claims are drawn to cover the article with gauze tips which are

clamped with relatively long, narrow, stiff, but bendable material which is pressed down on the ends of the gauze. Other modifications of the alleged invention suggest the use of a relatively plastic material which may be pressed into one end to lock the longitudinal threads of the gauze. The plastic material is then hardened to form a long and relatively narrow, stiff cross-head, which is, according to some of the claims, shorter than the full width of the gauze-covered pad.

Appellant explains that the cross-head may be turned endwise and inserted through any kind of opening (such as a small round hole or eyelet) in a supporting member. Appellant also discloses a modification, covered by one or more of the claims, in which there is no twisting operation, but the gauze is merely folded together between the portions containing the pads. Her specification explains that the article produced according to her method is simple, inexpensive, and effective; that it may be readily attached and detached and insures "maximum comfort, flexibility, and also adjustability when desired"; that it is strong and secure and of such smallness in size as not to be uncomfortable and is easy of disposal when discarded; and that her device requires no pins or other cumbersome or uncomfortable obstructions.

The Primary Examiner rejected claims 1 to 4, inclusive, 6, 11, and 12 as being unpatentable over either Shepherd or the German patent in view of Blank, Langhammer, or Swanstrom.

Claim 5 was rejected on the same ground as the above claims, and in addition the examiner added, "in view of Rohlfing." This claim was separately treated for the reason that it calls for a thermoplastic clip as a securing means for the gauze ends.

The references need but brief discussion. Swanstrom shows a cross-head connector which fits into a slot in a garment fastener.

Langhammer shows a hose supporter. The two ends of a button-supporting tape are clamped with a metal clamp, which is then inserted through a slot in the metal loop member of the hose supporter, in much the same manner as in appellant's structure. The crosswise set of the clamp holds the button-supporting tape or tab in place.

Shepherd relates to catamenial or sanitary towels or bandages. The first steps in making the bandages are similar to those of appellant. The gauze in the space between the pads is merely folded over, and a strip of tape with looped ends is laid lengthwise in the fold. The folded gauze with the strip is then stitched in two places, one row of stitching for each adjacent pad, and the gauze is severed between the rows of stitching. The gauze folds are then turned inside out, leaving a loop to which to fasten the supporting means.

The German patent relates to a catamenial bandage with cellulose wadding. It shows the gauze folded at the ends of the pads and also shows a manner of fastening the ends of the pads to a supporting means. The reference is of interest here only in showing the folds or bringing together of the ends of the gauze at the ends of the pads.

The Blank patent relates to sterile packing for surgical dressings. Blank uses clamps, apparently much like those of appellant, for closing the ends of the packing envelope. Other features of the invention are not of concern here.

Rohlfing, relating to sanitary napkins, is of interest only in so far as it discloses a means of applying thermoplastic material to the ends of the gauze protruding from the pads, thereby making tabs for connection with a supporting means.

In affirming the action of the examiner, the Board of Appeals briefly said:

"We see no novelty in the concept of using a clip to hold the ends of a bandage cover in view of Blank and we believe it obvious that clips could be used as holding means instead of stitching as in Shepherd. To make these clips of thermoplastic material would be a mere matter of choice in view of Rohlfing.

"We also agree with the examiner that the clamping cross could obviously, in view of the remaining references, be adapted to be threaded through an eyelet for the purpose described."

We are in agreement with the holding of the Board of Appeals that appellant has done nothing more than employ features of the prior art in constructing her bandage and in doing so has only exercised the skill of the art. Great stress is laid by appellant upon the fact that the prior art does not disclose a bandage to be used as appellant's is to be used, which has a light, comparatively stiff, small cross-bar which may be threaded through an eyelet and accomplish the purposes claimed by appellant. There is certainly no novelty in inserting a cross-

bar endwise through a hole so that the cross-bar, being broader than the opening, will not, when turned crosswise of the hole, pass back through the opening. It is an old expedient to use a nail or locust thorn to secure a pair of trousers to a hole in a suspender strap. Some buttons are so shaped as to work on the same principle.

Appellant emphasizes that "there is no reference which shows the invention." This may readily be agreed to, but it is entirely proper to consider several references in connection with the allowance of patent claims. It is also inferred from appellant's argument that some of the references should not be considered since they do not relate to bandages. In considering more than one reference, or a reference alleged not to be in the art involved, the question always is: does such art suggest doing the thing which the applicant has done? We think the art of record clearly suggests doing what appellant has done.

It may be that appellant has produced a bandage that has all the good qualities claimed for it and that it is a distinct improvement over the art (although there is nothing of record to show this to be a fact, except the statement of appellant's counsel and appellant's application). This, however, does not necessarily mean that appellant has invented a new article. Invention must be present.

The decision of the Board of Appeals is affirmed.

Affirmed.