**GRISCOM RUSSELL CO. v. COE, Commissioner of Patents.**

**No. 14229.**

District Court of the United States for the District of Columbia.

June 7, 1943.

Clarence M. Fisher, of Washington, D.C. (W. B. Morton, of New York City, counsel), for plaintiff.

W. W. Cochran, Sol., of Washington, D.C. (R. F. Whitehead, of Washington, D. C., of counsel), for the Patent Office.

LUHRING, Justice.

The plaintiff complains of the refusal of the Patent Office to issue a patent to it on the application of its assignor, Kenneth B. Ris, Serial Number 300,907 and proceeds under R.S. § 4915, 35 U.S.C.A. § 63, to obtain an order authorizing the issuance of the patent.

The application states that the invention relates to improvements in bent tube self-scaling steam generators and that the improvements of "my present invention" are directed particularly to structural changes in bent tube self-scaling evaporators particularly adapting them for use in oil refineries and the like.

Eight claims are involved and were held unpatentable in view of the prior art as exemplified in the following patents: Wright, 1,435,364, Nov. 14, 1922; Jones, 1,617,119, Feb. 8, 1927; Wilson, 1,737,347, Nov. 26, 1929; Price et al., 1,843,945, Jan. 26, 1932; Brown, 1,856,618, May 3, 1932; Sieder, 2,018,037, Oct. 22, 1935.

Claim 1 is typical and reads as follows: "A steam generator comprising a shell and a removable assembled tube bundle unit, said tube bundle unit including a tube sheet adapted to pass into said shell and seal one end thereof, a second tube sheet adapted to seal the other end of said shell, a plurality of bowed tubes extending inside said shell between and affixed at either end into said tube sheets, spacing means maintaining said tube sheets in nearly fixed spaced relation to each other independently of said shell and said tubes, said tube sheets constituting the exposed end walls of said shell, and removable fluid passages supported on said tube sheets exterior to said shell connecting said tubes in a predetermined arrangement of passes for the flow of heating fluid therethrough."

This claim was made the subject of cross-examination of the inventor, K. B. Ris (R. p. 24 et seq.), and he frankly admitted that certain portions of the claim were not new. Apparently these various devices were adapted for the specific purpose for which they were used in the prior art. What the applicant has done, so far as stated in the claims, was taught by the prior art and, therefore, merely bringing these various devices together was not an act of invention. Such was the view taken

334

by the Board of Appeals. In affirming the decision of the Examiner, the Board said: "Without discussing the claims in detail, we agree with the examiner that they involve nothing more than a mere bringing together, in a single structure, of various features which are all old in the art. It has repeatedly been held that the mere aggregation of old features, even though the assembly may produce a superior device, does not amount to invention. See, in this connection, the Supreme Court decision of Hailes v. Van Wormer, 20 Wall. 353 [22 L.Ed. 241]; [James Spear] Stove Co. v. Kelsey [Heating Co., 3 Cir.] 158 F. 622; Ex parte Fine, 364 O.G. 511, 1927 C.D. 84, and In re Small, [In re Smith, 49 App.D.C. 203, 262 F. 717] 271 O.G. 363."

In the case of In re Fridolph, Cust. & Pat. App., 134 F.2d 414, relating to bandages and the method of making the same, the application was rejected on the ground that the applicant had done nothing more than employ features of the prior art in constructing the bandages and in doing so had only exercised the skill of the art. The court said at page 416 of the opinion in 134 F.2d:

"Appellant emphasizes that 'there is no reference which shows the invention.' This may readily be agreed to, but it is entirely proper to consider several references in connection with the allowance of patent claims. It is also inferred from appellant's argument that some of the references should not be considered since they do not relate to bandages. In considering more than one reference, or a reference alleged not to be in the art involved, the question always is: does such art suggest doing the thing which the applicant has done? We think the art of record clearly suggests doing what appellant has done.

"It may be that appellant has produced a bandage that has all the good qualities claimed for it and that it is a distinct improvement over the art (although there is nothing of record to show this to be a fact, except the statement of appellant's counsel and appellant's application). This, however, does not necessarily mean that appellant has invented a new article. Invention must be present."

The claims are not patentable and, therefore, the complaint must be dismissed.

It is so ordered and counsel for defendant will prepare and submit appropriate findings of fact and conclusions of law accordingly.