33 C.C.P.A. (Patents)

### Application of DALZELL.
### Patent Appeal No. 5055.

Court of Customs and Patent Appeals.
Jan. 7, 1946.

Norman E. H. Deletzke, of Chicago, Ill., for appellant.

W. W. Cochran, of Washington, D. C. (R. F. Whitehead, of Washington, D. C., of counsel), for the Commissioner of Patents.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, JACKSON, and O'CONNELL, Associate Judges.

O'CONNELL, Associate Judge.

This is an appeal from the decision of the Board of Appeals of the United States Patent Office affirming the action of the examiner in rejecting as unpatentable over the disclosure of the prior art claims 1 to 4 and 6 to 8 inclusive constituting all the claims in appellant's application for a patent on a sanitary pipe coupling designed to handle liquid food stuffs as dairy products which are passed through the coupled pipes under sub-atmospheric pressure.

Claims 1 and 6 are illustrative and sufficiently descriptive of appellant's alleged invention. They read—

"1. In a device of the class described, first and second joined conduit elements, a removable coupling element for coupling said conduit elements, said coupling element and joined conduit elements forming a reservoir in which fluid may accumulate within said coupling element, said reservoir being defined by portions of the inner surface of said coupling element and portions of the outer surfaces of said joined conduit elements, and an opening in the wall of one of said elements to limit the maximum elevation of fluid which may accumulate in said reservoir to an elevation lower than

the line of juncture of said joined conduit elements."

"6. In a device of the class described, coupled pipe sections having ferruled ends, a coupling nut for coupling said pipe sections, and fluid drain means in the ferruled end of a pipe section for draining fluid which may accumulate between the adjacent surfaces of said nut and said coupled pipe sections."

The references are:

Ross, 1,122,422, December 29, 1914.

Meyer, Re. 20,842, August 30, 1938.

The patent to Meyer discloses a coupling of the type generally employed for fire hoses which is provided with drain openings in the coupling to facilitate the flow of water from the hose before it is uncoupled. The patent to Ross discloses a method of making pipe fittings whereby two sections of pipe are coupled together by a nut which is so formed as to provide a chamber or reservoir within the coupling nut when the coupling is effected.

The position of both the Primary Examiner and the Board of Appeals was that inasmuch as water is drained through openings in the coupling nut in Meyer, it would not amount to invention to make similar openings to drain fluid from the chamber disclosed in Ross and that the matter of locating sufficient openings so that the reservoir in appellant's disclosure would be more completely drained was considered to be an unpatentable change or improvement.

With respect to claim 6, the board correctly held that since it is broadly old to provide a drain opening in one of the elements of the assembly, it is not considered patentable to locate the same means in another element of the assembly for performing the same function.

It is noted that there is no limitation in the appealed claims that would restrict the fluid to be drained from the coupling nut to condensate or other contaminated liquid and therefore appellant is claiming here no more than the general means shown in the patent to Meyer for the purpose of draining a coupling nut.

Appellant insists that the appealed claims are patentable for the reason that they define an invention embodying important changes in recited structural elements over the corresponding related portions, if any, of the disclosure of Meyer and Ross. The import of his argument here is that neither of the cited references shows the structural arrangement defined in the appealed claims.

This Court has held that it is entirely proper to consider several references in connection with the allowance of patent claims and that in considering more than one reference to the prior art, the question always is whether such art suggests doing the thing which the applicant has done. See In re Fridolph, 134 F.2d 414, 30 C.C.P.A., Patents, 939.

The art of record in the case at bar clearly suggests doing the thing that appellant has done and as pointed out in the concurring decisions of the Patent Office tribunals, the device described in the appealed claims merely represents the carrying forward of old ideas disclosed in the prior art and no invention is therefore involved even though a new and useful result may be brought about. In re Stover, 146 F.2d 299.

In view of the conclusion reached it would serve no useful purpose to discuss in this opinion other arguments and citations presented by appellant and the decision of the Board of Appeals is accordingly affirmed.

Affirmed.