Martin, Judge,
delivered the opinion of the court:
This is an appeal from the decision of the Patent Office Board of Appeals affirming the final rejection of claims 2, 3, 31, and 55, of application serial No. 79,034, for “Manufacture of Packages with String Handles and Tags.” Twenty two claims have been allowed by the examiner or by .the Board of Appeals.
The appealed claims relate to a process and apparatus for forming, filled packages, such as tea bags, and while maintaining the said packages in “uniformly constant advancing motion” in a given path, *762 forming in a second path separate string handles each attached at one end to a tag, and attaching each such string handle at the other end thereof to one of said packages in said given path. The tags are attached to the string handles by folding appropriately cut sheet material about the string and adhesively sealing same. The individual string handles are attached to each formed package by stapling. The process disclosed assertedly achieves a high speed, efficient quantity production of completed tea bags which has attained a high degree of commercial, success..
Claims 3 and 31, regarded as illustrative of the appealed claims, are set forth below:
3. In the method of manufacturing filled packages with string-handles and tags, the steps of folding tags from strip sheet material and attaching each of said tags to terminate an end of a string-handle along a first path, forming simultaneously filled packages in multiple each with a closure seam in uniformly constant advancing motion along a second path, and anchoring the other end of each string-handle to each package closure seam while said packages are in said continuous motion in- said second path.
31. In a method of manufacturing filled packages with string-handles and tags, the steps of forming filled packages each with a closure seam in uniformly constant advancing motion along one path, forming complete severed individual string handles each terminated at one end by a tag along another path, and stapling the other end of the string handle to each closure seam while said packages are in said constant motion in the first mentioned path.
The references relied on are:
Ovington, 1,642,307, Sept. 13, 1927
Wichulski et al., 2,068,724, Jan. 26, 1937
Murray, 2,360,510, Oct. 17, 1944
Howard, 2,457,237, Dec. 28, 1948
The Murray patent discloses a tea bag making machine in which tags are stapled to a continuous length of string which is inserted into individual packages traveling in a separate path therefrom. The string is attached to the tea bags by insertion in the open tops followed by adhesively sealing same. The string is cut after being attached in the aforesaid manner’. Murray discloses moving the tea bags during the process of formation thereof at a constant rate of speed and thereafter transferring the formed packages to another conveyor moving at a higher constant velocity. While in motion on said other conveyor the string is attached to the said tea bags, the bags are sealed, and the string is severed to form individual string handles.
Wichulski et al. feed tea bags and individual preformed string handles with tags to a device which attaches the handle to the bag by means of an aluminum ring. The device operates intermittently, *763 transferring the filled packages and string handles to subsequent stations after each operation is completed.
The patent to Howard teaches stapling a string handle to a formed tea bag and cutting the string to the desired length simultaneously or immediately thereafter. Howard discloses intermittent operation of the conveyor carrying the tea bags, creating periods of dwell at each stage of the process. . ' •
The Ovington disclosure relates to a method of attaching tags to string handles for tea bags in which the tags are folded from sheet material and adhesively secured to a continuous string which is thereafter severed to form individual handles.
Claim 31 recites three steps which appellant contends are not met in the reference combination: (1) the step of formation of filled packages in “uniformly constant advancing motion,” (2) the step of “forming complete severed individual string handles each terminated at one end by a tag” prior to attaching the said handles to their respective packages, and (3) the step of stapling the end of each string handle to each package while the packages are in said constant motion. The board, in affirming the rejection of this claim as “unpatentable over Murray in view of Wichulski et al. and Howard” found that these steps were disclosed in the various references and concluded that it would be obvious to any person skilled in this art to combine the said steps to meet the claimed method.
Insofar as the individual features are concerned; i.e., the attachment of the string to the bag, and the severance of the string prior to attachment thereto, these steps are each shown by the references of record. However, the mere fact that the individual steps are taught by the several references does not of itself negative patentability. In re McKenna et al., 40 CCPA 937, 203 F. 2d 717, 97 USPQ 348. It must still be determined whether the combination of steps would have been obvious to an ordinary skilled worker in this art. 35 U.S.C. 103.
We find merit in appellant’s contention that the Murray patent does not consummate the entire procedure “while said packages are in said [uniformly] constant motion.” The Murray patent does not carry out the step of forming filled packages and stapling string handles thereto while the said packages are in “uniformly constant advancing motion” since the steps of “forming” the packages of Murray and affixing the handles thereto are performed while the packages are moved along two different conveyors moving at different speeds,, the latter conveyor at a higher rate so as to facilitate separation of the tea bags for the tag applying operation. We think that a fair construction of the recitation of “forming filled packages each with a closure seam” necessitates a consideration of more than the tag apply- *764 mg operation alone, and that the mode of motion of the packages during the steps of forming and filling same must be considered in attempting to read the claimed steps on the reference disclosure.
Moreover, when the continuous package motion is considered together with the other steps enumerated above, we conclude that the decision below must be reversed. For the primary question before us, as in every rejection on a combination of references, is whether one skilled in the art who is acquainted with the teachings of the several references could produce the claimed method without such experimentation as would require “invention.” We think not. Although Wichulski et al. teach the prior severance of the string and Howard shows stapling strings to tea bags,' it would be impossible to apply these teachings to the Murray patent without entirely changing the basic mechanism and procedure thereof.
Murray attaches string handles to moving filled packages by heat sealing parts of a continuous string into open package mouths, which parts are held in said mouths by positioning means located between each package, and guiding the continuous string into position. If the string were cut prior to heat sealing to form “severed individual string handles” as suggested by the Board of Appeals, the positioning means taught by Murray would not function since the disrupted string would not provide the tension needed for positioning. In addition, if the moving filled packages of Murray were moved in “uniformly constant advancing motion” during “forming” thereof, as discussed above, there would be no obvious manner of positioning and inserting separate “severed individual string handles” in the contiguous moving packages of Murray. Such a material and radical modification of the prior art would be contrary to the teachings of the primary reference patent, Murray, and could be made only with the assistance of appellant’s disclosure. We hold therefore that such modifications can not be the basis for rejection of claim 31. As this court stated in In re Lee, 39 CCPA 752, 193 F. 2d 186, 92 USPQ 131 at 757:
The Solicitor for the Patent Office has correctly pointed out in his brief, and cited authority to the effect, that it is not necessary in order to make a valid combination of references to prove that a part of one device may be physically inserted into another, where the cited references suggest the modification in such a way that any person skilled in the art could make it. * * * On the other hand, appellant cites authority, of this court, * * * and of the Board of Appeals of the Patent Office, * * * to the effect that a basic reference and additional references having features somewhat analogous to those disclosed by appealed claims, which require material and radical modification in order to conform to appellant’s claims, are not valid references unless they show an equivalent and operative combination which obviously could be substituted to meet the appealed claims by any skilled mechanic.
*765 This principle has been followed by this court in In re Demarche, 42 CCPA 793, 219 F. 2d 952, 105 USPQ 65; In re Shaffer, 43 CCPA 758, 229 F. 2d 476, 108 USPQ 326.
The rejection of claim 31 is therefore reversed.
Claims 2 and 55 have been rejected on the same grounds as claim 31. Since these claims contain the same substantive limitations as that claim, their rejection is reversed for reasons noted above.
The rejection of claim 3 was affirmed as “failing to patentably distinguish over Murray in view of Ovington.” Since that claim sets forth forming a tag terminated “string handle, * * * forming * * * filled packages * :|: * in uniformly constant advancing motion * * *, and anchoring the other end of each string-handle to each package * * * while said packages are in said continuous motion * * and since, for the reasons given above, the primary reference patent cited may not be so modified as to show attaching severed string handles to filled packages moving in continuous motion without total reconstruction, we are constrained to reverse the rejection of claim 3.
For the reasons stated, the decision of the Board of Appeals is reversed.