55 CCPA

**Application of George P. MORAN, Frank A. Fedosh and Carl A. Maxwell.**

**Patent Appeal No. 7851.**

United States Court of Customs and Patent Appeals.

Dec. 28, 1967.

Richard H. Thomas, Cleveland, Ohio, John C. Smith, Jr., Watson, Cole, Grindle & Watson, Washington, D. C., for appellants.

Joseph Schimmel, Washington, D. C. (Fred W. Sherling, Washington, D. C., of counsel) for the Commissioner of Patents.

Before WORLEY, Chief Judge and RICH, SMITH, ALMOND and KIRKPATRICK*, Judges.

KIRKPATRICK, Judge.

This appeal is from the decision of the Board of Appeals of the Patent Office affirming the rejection on prior art of claims 1 through 4 of application serial No. 296,629, filed July 22, 1963, for "Shell and Tube Heat Exchangers." No claim is allowed.

* Senior District Judge, Eastern District of Pennsylvania, sitting by designation.

The invention relates to a head portion of a heat exchanger for feedwater heat-ers. The structure is shown in the single figure of the application drawing:

The tube sheet 20 of the head is formed with a flat plate area through which heat exchanger tubes 18 extend and an annular upstanding shoulder 40 which flares upwardly and outwardly to define generally a segment of a sphere. Hemispherical channel member 24, which completes the head, is welded to the shoulder 40 of the plate by circular weld 42. The head is provided with a partition plate 28 separating portions communicating with outlet and inlet ducts 30 and 32, respectively. There is also an access opening 34 closed by manhole cover 36.

In operation, a high pressure fluid at high temperature is passed into the head through inlet 32, through the tubes, and out the outlet 30 so as to heat the feedwater which is passed through heat exchanger shell 12 in contact with the outer surface of the tubes.

Claim 1 is representative:

1. A heat exchanger including a head comprising a cup-shaped tube sheet and a hemispherical channel member welded to said tube sheet, said tube sheet including a flat circular plate area to which the tubes of the heat exchanger are connected and an annular upstanding shoulder portion integrally formed with the plate area flaring upwardly and outwardly away from the periphery of plate area, said hemispherical channel member having a free edge portion of approximately the same shape as the free edge portion of the upstanding shoulder portion,

and a maximum diameter substantially greater than the diameter of the flat plate area, defining with said shoulder portion a head having a generally spherical configuration.

Claim 2 differs from claim 1 in defining the tube sheet as forged. Claim 3 refers to the heat-shield function of the shoulder portion of the tube sheet. In claim 4, the shoulder portion is described as flaring outwardly but limited in height so as to avoid its interfering with the installation of tubes in the tube sheet.

The references relied on by the board are:

| Haight | 2,919,906 | Jan. 5, 1960 |
| Jackson | 2,391,244 | Dec. 18, 1945 |
| French patent | 946,944 | Dec. 27, 1948 |
| (herein called "French") | | |

---

Haight discloses a heat exchanger having a head and tube sheet shown as of the same substantially spherical shape and relative dimensions as appellants'. However, the tube sheet lacks appellants' outwardly extending shoulder and the remaining portion of the head is an integral member having the shape of appellants' hemispherical channel and shoulder section taken together. Thus the circular weld joining the tube sheet with the head is at the peripheral edge of the tube sheet instead of spaced therefrom.

Jackson discloses a heat exchanger head comprising a hemispherical tube sheet welded by a circular weld to a hemispherical head portion. The tube sheet lacks appellants' flat, thickened area.

French discloses a heat exchanger having a cylindrical head portion welded to the shoulder of a flat tube sheet. The inside of the shoulder on the tube sheet flares upwardly and outwardly but is not in the shape of a segment of a sphere.

The examiner rejected the claims on Haight in view of French and Jackson "under the provisions of 35 U.S.C. 103." He noted the teaching in French of spacing the welded joint from the tube sheet by an integral upstanding flange and of the showing in Jackson of spacing the welded joint from the area where the tubes are joined to the tube sheet and using a hemispherical head portion. His view was that it was obvious from French and Jackson to space the welded joint in Haight from the tube sheet by moving the joint to the equatorial position on the head. The board affirmed.

Appellants emphasize two advantages of their construction. As one advantage, they refer in their application to the added strength offered by a spherical configuration. Concerning that feature, they argue:

What appellants are teaching is the cost advantage in forming a sphere having a diameter substantially greater than the tube sheet from a cup-shaped tube sheet and hemispherical head, or in essence, providing a spherical head without sacrificing either the advantage of a flat tube plate or the cost advantage of a hemispherical head. * * *

As another advantage, they cite action of the shoulder on the tube sheet as a barrier to welding heat. The application states:

The plate shoulder or extension on the tube sheet is of sufficient length to provide a barrier to the heat resulting from welding the channel member to the rim and stress relieving the weld area, thus preventing the flow of heat to the tubed area of the tube sheet plate and damage to the tube to tube sheet joints. This permits the tubes to be installed within the tube sheet prior to welding the head to the tube sheet, thereby facili-

tating construction of the heat exchanger. A further important aspect of the invention is that the heat barrier provided avoids the setting-up of locked-in stresses in the tube plate created by a temperature gradient in the plate, to reduce the possibility of stress failure.

Concerning this asserted advantage, they state in their brief:

\* \* \* welding takes place rapidly, and subsequent to welding, it is quite possible that the temperature of the tubed area in the French patent from the heat retained in the members through welding is so high as to require stress relieving, despite the stub flange. In appellants' design, only the flange need be stress relieved. (Stress relieving is heating a part to a high temperature and cooling it at a controlled rate to relieve locked-in stresses.)

Appellants further argue:

\* \* \* the Board and the Examiner have only the appearances of the tube sheets shown by Jackson and the French patent on which to rely, and as such, it is submitted the rejection is based only on hindsight.

They additionally rely on an affidavit they submitted to show commercial success.

■ Our consideration of the record in the light of the arguments leaves us satisfied that the board's decision is free from reversible error.

We think that one skilled in the art would be fully aware that the portions of the tube sheet extending away from the area to which the tubes are joined in French and Jackson, including particularly the shoulder in French, would function as a barrier tending to protect the said area from the welding heat.

We think such person would find it obvious to provide such a barrier in Haight if heat from the weld there caused trouble with the attachment of tubes to the tube sheet. We also think the person of ordinary skill in the art would be aware of the obvious fabrication and assembly advantages of using a hemispherical channel member as in Jackson for completing the head. It would thus be obvious within the meaning of 35 U.S.C. § 103 to modify Haight, which already embodies a spherical construction with its well known advantage of superior strength, in accordance with French and Jackson to provide its tube sheet with an integral flange for welded connection to a hemispherical channel member which completes the head. No unobvious advantage is seen in the construction as defined in any of the claims.

■ In reaching our conclusion, we have considered the affidavit relating to commercial success, which affidavit reports sales of fifteen units at prices totaling $1,453,196 in a two year period. However, that affidavit is not persuasive of patentability when balanced against the weighty evidence of obviousness provided by the prior art.

Since the modifications of Haight relied on in the rejection are clearly suggested by Jackson and French, appellants' argument that the rejection is "based only on hindsight" fails. The rejection is not contrary to United States v. Adams et al., 383 U.S. 39, 86 S.Ct. 708, 15 L.Ed.2d 572, as urged by appellants. Also, In re Shaffer, 229 F.2d 476, 43 CCPA 758, additionally relied on by appellants, is not applicable since the secondary references here clearly suggest the modification in Haight which the board considered obvious.

The decision is affirmed.

Affirmed.