25 C.C.P.A.(Patents)

### In re HOFMANN.
### Patent Appeal No. 3917.

Court of Customs and Patent Appeals.
March 28, 1938.

BLAND, Associate Judge, dissenting.

258

Irving F. Goodfriend, of New York City, for appellant.

R. F. Whitehead, of Washington, D. C. (Howard S. Miller, of Washington, D.C., of counsel), for Commissioner of Patents.

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, LENROOT, and JACKSON, Associate Judges.

HATFIELD, Associate Judge.

This is an appeal from the decision of the Board of Appeals of the United States Patent Office affirming the decision of the Primary Examiner rejecting all of the claims, 19 to 26, inclusive, in appellant's application for a patent for an alleged invention relating to improvements in pharmaceutical containers for poisonous substances.

Claims 19, 20, and 21 are illustrative. They read:

"19. In a container for pharmaceutical preparations having a base, an indicating outer bounding surface upstanding vertically from the base, any vertical cross section of which bounding surface is substantially parabolic or hyperbolic in form whereby the resultant force on the hand effected by grasping any part of said bounding surface with the hand is upwardly along the said surface to thereby direct the hand upwardly along the surface.

"20. In a container for pharmaceutical preparations having a base, an indicating outer bounding surface extending vertically uniformly upwardly and inwardly from the base to an apex, the apex angle of any vertical cross section of which surface is of a magnitude not less than approximately 60 degrees.

"21. In a container for pharmaceutical preparations having a base, an indicating outer bounding surface extending uniformly upwardly and inwardly from the base to an apex, the apex angle of any vertical cross section of which surface is of such magnitude that the resultant force on the hand effected by grasping the said surface with the hand is upwardly along said surface to thereby direct the hand upwardly along the surface."

The references are: Larkin, 412,396, October 8, 1889; Gregory, 1,416,347, May 16, 1922.

The object of appellant's invention, as stated in his application, was to provide a container for poisonous substances of such form and shape as to make it difficult, if not impossible, to grasp and lift it in the ordinary manner, thus preventing the unintentional use of its contents.

As indicated in the quoted claims, one form of appellant's container is that of a "flat pyramid," and the other is substantially conical in shape. The containers are without "necks," "lips," or other appendages by means of which they might be lifted.

The patent to Larkin relates to improvements in ink stands.

The Gregory patent relates to improvements in bottles.

The disclosures in the references have necks and lips by means of which the articles may be easily lifted from their supporting surfaces.

In his statement accompanying the appeal to the Board of Appeals, the Examiner said:

"The rejection of the claims *rests primarily upon* the *examiner's opinion that the shapes adopted by applicant are obvious and* are *merely shapes that could be provided at any time any one felt the need of a bottle of such a shape as to prevent one from lifting the bottle from its supporting surface by grasping the side surfaces of the bottle in the usual way in which bottles are handled.* It seems to be well known that objects presenting exterior surfaces corresponding with relatively flat cones and pyramids are difficult to pick up when they rest on a supporting surface on their bases.

"The claims were also not considered patentable over such patents as Larkin and Gregory. These patents show bottles of shapes very similar to applicant's *except they are provided with neck portions enabling one to easily lift them from a supporting surface.* The results that would follow from omitting the neck portions of these bottles and making them in the exact shape of a pyramid or a cone seem to be obvious. (Italics ours.)

In its decision affirming the decision of the Primary Examiner, the Board of Appeals referred to the fact that it was common practice to use bottles of various shapes and color for the holding of poisonous preparations so that the accidental use of such preparations might be prevented, and said:

"In the present case, appellant has made the bottle in the *shape of a flat pyramid so that it will be impossible to grasp the bottle between the fingers and lift it from its support.* Certain of the claims call for a bottle of pyramidical shape and some of these claims call for curved walls.

"Each of the references of record show bottles having the same general shape, *but each also shows a neck portion by which it would be possible to lift the bottles if it was so desired.* The differences between these patented bottles and that defined in the appealed claims are very small and they relate more to the shape or external appearance than they do to strictly mechanical features." (Italics ours.)

It will be observed that each of the tribunals of the Patent Office called attention to the fact that the references disclosed containers provided with neck portions by means of which they could be readily lifted. Each concluded, however, that the differences between appellant's containers and those disclosed in the references were not sufficient upon which to base a finding of patentability.

*Having in mind the purpose for which appellant's containers were designed,* we are unable to concur in the views expressed by the Patent Office tribunals that the references are sufficient to negative patentability of the appealed claims.

It is conceded that appellant's containers are novel, and useful, and we find nothing in the references to suggest appellant's structures.

. The only other ground of rejection appears in the quoted excerpt from the Examiner's statement. It is there stated, in substance, that, once having the idea of designing a bottle that could not be readily lifted from its supporting surface, it would be obvious to select the forms and shapes selected and disclosed by appellant.

It appears, therefore, that the Primary Examiner divided appellant's mental concept into two parts, and, having in mind the first part (a container that could not be lifted from its support in the ordinary manner), reasoned that it would not involve invention to select a shape or form that could not be lifted.

The fallacy of the Examiner's position, as we see it, is that he assumed that the first part of appellant's mental concept was disclosed in the prior art.

The idea is novel and originated with appellant. His creative concept should therefore be considered in its entirety in order to determine whether the solution of the problem confronting him (that of providing a container that would prevent the unintentional use of poisonous preparations) involves invention. The problem was solved by providing containers for poisonous substances of such shape and form as to make it impossible, as stated in substance by the Board of Appeals, to grasp them between the fingers and lift them.

We are of opinion that, on the record presented, appellant's contribution to the art involves invention, and that he is entitled to a patent.

The decision is reversed.

Reversed.

BLAND, Associate Judge, dissents.