**BOOMHOWER, Inc., Petitioner,**
v.
**AMERICAN AUTOMOBILE INSURANCE CO. et al., Respondents (two cases).**
**Misc. No. 502, No. 12467.**

United States Court of Appeals, District of Columbia Circuit.

Decided March 10, 1955.

Petition for Rehearing Denied March 29, 1955.

Mr. Thaddeus G. Benton, New York City, for Boomhower, Inc.

Mr. Dickson R. Loos, Washington, D. C., for Honorable Robert N. Wilkin, respondent in Misc. No. 502 and for American Automobile Ins. Co., respondent in Misc. No. 502 and appellee in No. 12467.

Mr. Edward A. White, Washington, D. C., for Dennis J. Kane, respondent in Misc. No. 502 and appellee in No. 12467.

Before WILBUR K. MILLER, WASHINGTON and DANAHER, Circuit Judges.

\* 28 U.S.C.

## PER CURIAM.

The main question raised here is whether a judge who has retired for permanent disability may thereafter perform judicial duties by designation.

Boomhower, Inc., brought suit against the American Automobile Insurance Company in the District Court seeking to recover on a policy insuring plaintiff against loss by fraudulent acts of employees. The defendant Insurance Company brought in Kane, a former employee of plaintiff, as a third-party defendant, seeking reimbursement by Kane if plaintiff's claim was sustained. Kane counterclaimed against plaintiff for commissions due him by the latter. After a protracted trial without a jury the court dismissed the claim made by Boomhower, granted Kane $1,463.26 on his counterclaim and awarded costs to both defendants. Boomhower thereupon moved the District Court to declare a mistrial and grant a new trial. The motion was stricken.

Boomhower filed its notice of appeal on September 20, 1954. On October 30 it filed in this court a preliminary record pursuant to Rule 75(j) of the Federal Rules of Civil Procedure* for the making of a motion for an intermediate order.[1] No complete record was ever filed subsequently nor has appellant filed a brief. On December 9, the 40th day following the filing of the preliminary record, appellant attempted to file as part of its appeal from the judgment of the District Court (No. 12,467), a petition for an order to show cause why the judgment should not be reversed and remanded for a new trial and why the judge who had tried the case should not be directed to cease serving as a District Judge. That petition was returned to appellant by the Clerk of the Court on the ground that it was essentially a petition for mandamus and hence could not be filed appropriately in the main appeal. Thereafter appellees moved to dismiss the appeal for failure

1. Apparently this filing was to prepare the ground for the petition for an order to show cause as later filed.

to file more than a preliminary record or in any event for failure of appellant to file a brief within the time required by the rules of this court. Still later, appellant re-submitted as in a separate proceeding its petition for the show cause order, which was thereupon filed by the Clerk as Misc. No. 502. Respondents moved to dismiss the petition. We received memoranda from the parties and heard argument on the motions to dismiss in both cases.

Appellant, in opposing the motions, claims that the record on file is not merely preliminary but conforms to the designation of the parties and is fully adequate for a decision on the points raised on appeal. Those points now appear to be limited to two: whether a judge who is retired because of "permanent disability" is thereafter legally capable of sitting by designation, and whether a third-party defendant's counterclaim against the plaintiff requires an independent $3,000 jurisdictional basis. The record as filed is plainly inadequate to raise this last question and the appeal based thereon must be dismissed.

As to the first question, there is no dispute as to the facts. It clearly appears that the trial judge had retired for permanent disability in 1949 and had later been designated for and assigned to perform certain judicial duties, including the trial of this case. The governing provisions of Sections 372 and 294 of Title 28 of the U.S.Code (1948 Revision, as amended) are set forth in the margin.[2]

On their face, these statutory provisions clearly permit any retired judge to perform those judicial duties to which he is assigned and designated: no exception is made as to judges who have retired for permanent disability. Appellant urges, however, that Section 372 does not explicitly say that a judge who retires for permanent disability "may retain his office", whereas the second paragraph of Section 371 of Title 28, dealing with a judge's retirement for age, so states. This omission does not seem to us to be significant. The Judicial Code prior to the 1948 revision provided for the retirement of any judge because of permanent disability to perform the duties of his office [3] and authorized his recall to perform such judicial duties as he was willing to undertake.[4] Clearly, no substantive changes with regard to the status of judges retired for permanent disability were intended by the revision, and the reviser's notes show that the phrase relied on by appellant

2. "§ 372. Retirement for disability

"Any justice or judge of the United States appointed to hold office during good behavior who becomes permanently disabled from performing his duties may retire from regular active service, and the President shall, by and with the advice and consent of the Senate, appoint a successor.

"Any justice or judge of the United States desiring to retire under this section shall certify to the President his disability in writing.

*  *  *  *  *  *  *  *

"Each justice or judge retiring under this section after serving ten years continuously or otherwise shall, during the remainder of his lifetime, receive the salary of the office. A justice or judge retiring under this section who has served less than ten years in all shall, during the remainder of his lifetime, receive one-half the salary of the office. June 25, 1948, c. 646, 62 Stat. 903, as amended May 24, 1949, c. 139, § 67, 63 Stat. 99; Feb. 10, 1954, c. 6, § 4(a), 68 Stat. 13."

"§ 294. Assignment of retired justices or judges to active duty

*  *  *  *  *  *

"(b) Any retired circuit or district judge may be designated and assigned to perform such judicial duties in any circuit as he is willing to undertake. Designation and assignment of such judge for service within his circuit shall be made by the chief judge or judicial council of the circuit. Designation and assignment for service elsewhere shall be made by the Chief Justice of the United States.

*  *  *  *  *  *  *  *

"(d) No retired justice or judge shall perform judicial duties except when designated and assigned. June 25, 1948, c. 646, 62 Stat. 901."

3. 28 U.S.C. § 375b (1946).

4. 28 U.S.C. § 375f and § 375b (1946).

was inserted to "clarify the difference between resignation and retirement" and for no other purpose.[5] It is clear, therefore, that a judge who is retired for permanent disability continues to be available for assignment by designation to perform judicial duties. The appeal on this point is thus without substance. The entire appeal will be dismissed: not only has appellant failed to comply with the Federal Rules of Civil Procedure and the rules of this court, but an examination of the principal point urged shows that it lacks merit.

The petition in Misc. No. 502 will also be dismissed: insofar as it relies on the legal question just discussed it is without merit, and insofar as it relies on other matters it is not based on an adequate record, if indeed such matters can be considered in this court otherwise than as part of or ancillary to a subsisting appeal.

So ordered.

---

5. See also the saving clause contained in Section 39 of the Act of June 25, 1948, 62 Stat. 903, 992, 28 U.S.C.A. note preceding section 1.