**BOOMHOWER, Inc., Appellant,**

v.

**AMERICAN AUTOMOBILE INSUR-
ANCE COMPANY and Dennis J.
Kane, Appellees.**

**No. 13821.**

United States Court of Appeals
District of Columbia Circuit.

Argued Dec. 9, 1957.

Decided Jan. 9, 1958.

———◆———

Mr. Thaddeus G. Benton, Washington,
D. C., with whom Mr. Russell Hardy, Jr.,
Washington, D. C., was on the brief, for
appellant.

Mr. Dickson R. Loos, Washington,
D. C., with whom Mr. Alexander M.
Heron, Washington, D. C., was on the
brief, for appellee American Automobile
Insurance Co.

Mr. Edward A. White, Washington,
D. C., entered an appearance for appellee
Kane.

Before WILBUR K. MILLER, WASHING-
TON and DANAHER, Circuit Judges.

PER CURIAM.

This is a sequel to Boomhower, Inc. v.
American Automobile Insurance Com-
pany, 95 U.S.App.D.C. 124, 220 F.2d 488,
certiorari denied, 1955, 350 U.S. 833, 76
S.Ct. 67, 100 L.Ed. 743.[1] Appeal is now
taken from an order of the District Court
in that case denying plaintiff-appellant's
motion for a new trial under Rule 60(b),
Fed.R.Civ.P., 28 U.S.C.A., which alleged
newly-discovered evidence.[2] The District
Court concluded that while this evidence
—which appellant argues shows perjury
—was of a character tending to impeach
the testimony of a witness at the trial,
it was not likely to lead to a change in
the result reached.

We think the District Court did not
abuse its discretion. The evidence can
only doubtfully be described as newly-
discovered: plaintiff-appellant could have
taken the witness' deposition or other-
wise made timely discovery. Certainly
the matter offered does not reach the
gravity contemplated by the "any other
reason justifying relief" provision of
Rule 60(b) (6), even assuming that pro-
vision to be applicable here. Cf. Klapp-
rott v. United States, 1949, 335 U.S. 601,
69 S.Ct. 384, 93 L.Ed. 266; 3 Freeman,
Judgments, § 1241 (5th ed. 1925); 7
Moore, Federal Practice, pars. 60.24, 60.-
27 (1955).

Affirmed.

---

1. See also Boomhower, Inc., v. Boomhow-
er, 1957, 100 U.S.App.D.C. 148, 243 F.2d
254.

2. This motion was filed twenty-two months
after the District Court's dismissal of
the original complaint, and fifteen months
after our affirmance of that dismissal.