46 C.C.P.A. (Patents)
**Application of Harvey E. HORTMAN, Jr.**

**Patent Appeal No. 6414.**

United States Court of Customs and Patent Appeals.

March 16, 1959.

Howson & Howson, Philadelphia, Pa. (Dexter N. Shaw, John C. Dorfman, Philadelphia, Pa., and William A. Smith, Jr., Washington, D. C., of counsel), for appellant.

Clarence W. Moore, Washington, D. C. (Arthur H. Behrens, Washington, D. C., of counsel), for Com'r of Patents.

Before WORLEY, Acting Chief Judge, and RICH, MARTIN, and JOHNSON (retired), Judges.

MARTIN, Judge.

This is an appeal from a decision of the Board of Appeals of the Patent Office rejecting claims 27 and 31 in appellant's application Serial No. 155,435 for an "Ironing Table." Thirteen claims were allowed by the examiner.

Claim 27 is illustrative of the two claims on appeal and reads as follows:

"27. In an adjustable and collapsible ironing table, a relatively long and narrow table top to be positioned at various heights, including low heights for sit-down ironing, during the use of the table, a supporting structure comprising a pair of legs pivotally interconnected intermediate their ends and extending lengthwise of the table, said supporting structure being of suffi-ciently narrower width than said top and being laterally offset in relation to the longitudinal axis of said top sufficiently, at least in those portions to be disposed in the vicinity of the user's knees, to provide room for the knees opposite said portions beneath the top and thereby permit use of the table for sit-down ironing, a fixed pivot connection between said top and one of said legs, a sliding pivot connection between said top and the other leg to enable adjustment and collapse of the table, manually-controllable means for retaining the slidable pivot in different positions when the table is set up for use, enabling the positioning of said top at various heights including low heights for sit-down ironing, and feet portions on said legs constructed to provide stable support for the ironing table despite the aforementioned laterally offset relation."

The appealed claims relate to an ironing table having a pair of legs pivotally interconnected intermediate their ends forming an X-shaped support structure. The said legs are pivotally attached to the table top, one through a fixed pivot connection and the other through a slidable pivot connection. The slidable pivot permits collapse of the table for storage as a unitary structure or adjustment through a series of table heights, including "low heights for sit-down ironing." The supporting legs are of substantially narrower width than the table top and are laterally offset from the center line thereof so as not to interfere with the user's knees during sit-down ironing. The legs are provided with feet to increase stability of the table structure.

The references relied on are:

| King | 260,210 | June 27, 1882 |
| Rock | 431,530 | July 1, 1890 |
| Northrup | 1,161,407 | Nov. 23, 1915 |
| Lowenberg | 1,976,031 | Oct. 9, 1934 |

The patents to King, Rock, and Northrup are each drawn to ironing tables having two pivotally interconnected pairs of

supporting legs forming an X-frame. The reference table tops are pivotally attached to said legs through fixed and slidable connections spaced longitudinally of the said tops. The support structures extend substantially across the entire width of the ironing tables to provide stable supports therefor.

The patent to Lowenberg shows a collapsible card table in which a pair of pivotally interconnected supporting legs is laterally offset from the longitudinal axis of the table top in order to position the table over a bed. The legs have broad feet to provide stability. The supporting legs have horizontally extending upper end portions adapted to be received in suitably spaced holes in the sides of the table top to provide the needed support; adaptability of height is achieved by moving the said end portions to different spaced holes in the table top.

The board rejected appealed claims 27 and 31 as failing to "patentably distinguish over the prior art devices exemplified by King, Northrup or Rock modified in view of the disclosure of Lowenberg."

Appellant contends that it would be unobvious to combine the reference patents in such manner as to meet the recitations of the appealed claims.

■ Undoubtedly, appellant is correct in his contention that an ironing table which accommodates the user in either a standing or sitting position is most desirable. However, this court cannot predicate patentability upon mere conception; the concept must be translated into a physical instrumentality. In re Patton, 127 F.2d 324, 29 CCPA 982, 987.

■ Nevertheless, in determining the unobviousness of a device, it is proper to consider "the conception of a new and useful improvement * * * along with the actual means of achieving the improvement." In re Shaffer, 229 F.2d 476, 480, 43 CCPA 758, 763, and cases there cited. See also In re Hofmann, 95 F.2d 257, 25 CCPA 975; In re Edwards, 124 F.2d 203, 29 CCPA 771. For, though the structure may be but a simple expedient when the novel concept is realized, that structure may not be obvious to the skilled worker in the art where the prior art has failed to suggest the problem or conceive of the idea for its elimination. It is thus our responsibility to determine if the combination of references suggests appellant's " * * * ironing table with features enabling it to be used optionally from a standing or seated position * * *."

Some of the claimed features alleged by appellant to be novel are anticipated by the references. Adjustable means providing for a wide range of positions of the ironing table top are disclosed in the King, Rock and Northrup patents. Although the extent of adjustment differs in each reference, the basic principle is the same. Therefore, the broad recitation of this element in the appealed claims cannot be relied upon to distinguish over the prior art. Likewise, the feature of extending the feet to "provide stable support for the ironing table" is of obvious applicability to any table, as shown, for example, by Lowenberg. Further, appellant's recitation in claim 31 of

"* * * a rigid transverse member of substantial length connected to the upper end of the other leg, means pivotally and slidably connecting said member to said top at points spaced substantially transversely of the top, * * *"

is readable on the slidable pivot connections of King, Rock or Northrup, and thus does not define any patentable distinction over these references.

On the other hand, we do not agree with the board that inventive faculty is lacking in appellant's recitation in each claim on appeal of the

" * * * supporting structure being of sufficiently narrower width than said top and being laterally offset in relation to the longitudinal axis of said top sufficiently, at least in those portions to be disposed in the vicinity of the user's knees, to provide room for the knees opposite

said portions beneath the top and thereby permit use of the table for sit-down ironing, * * *."

The King, Rock and Northrup patents each discloses an ironing table with broad X-frame supporting members extending to the edges of the table top; it is evident that it was the objective of these patents to provide more sturdy devices for ironing, and that there was no desire to create room under the table top, so as to facilitate sit-down ironing. Appellant's intention was diametrically opposed to that of the aforesaid patentees; in order to provide knee room beneath the ironing table top, he turned away from the structure used by the prior art to provide increased structural strength, and constructed a device which, though stable, would, and did, achieve the desired end result.

We are of the opinion that the element of laterally offsetting the supporting structure in relation to the longitudinal axis of the ironing board top, in order to create more knee space, is a feature that would not be suggested to one skilled in the art from a consideration of the primary references in the light of the Lowenberg disclosure. We believe that in this art where all were apparently striving to construct sturdier ironing tables, it would not be obvious to use the apparently less stable structure of the Lowenberg bed table as a supporting means to withstand the pressures exerted during ironing. It is well settled that references may not be combined where "there is no suggestion in either of the references that they can be combined * * *" to meet the recitations of appellant's claims. In re Shaffer, supra.

Furthermore, even were we able to combine the teachings of Lowenberg with those of King, Rock, or Northrup, we would nevertheless be constrained to hold that the reference combination fails to meet the recited structural elements of the appealed claims. For Lowenberg does not disclose a "supporting structure being of sufficiently narrower width than said top * * *"; rather, Lowenberg shows only a supporting structure lying beyond the outer edge of the table top and accordingly the width of the supporting structure is of no significance. Consequently Lowenberg contains no teaching of a supporting structure narrower than the table top.

Accordingly, we believe that the structural combination set forth by each of the appealed claims is unobvious in view of the art of record, and that, therefore, those claims define patentable subject matter. In view of the above, we *reverse* the decision of the Board of Appeals.

Reversed.