GEUDER, PAESCHKE & FREY CO.,
Plaintiff-Appellant,

v.

John R. CLARK and J. R. Clark Company, Defendants-Appellees.

No. 13144.

United States Court of Appeals
Seventh Circuit.

March 30, 1961.

Maxwell H. Herriott, Arthur H. Seidel, Milwaukee, Wis., William K. McKibbage, Milwaukee, Wis., of counsel, for appellant.

Andrew E. Carlsen, Douglas L. Carlsen, Minneapolis, Minn., Curtis B. Morsell, Milwaukee, Wis., of counsel, for appellee.

Before HASTINGS, Chief Judge, DUFFY, Circuit Judge, and MERCER, District Judge.

DUFFY, Circuit Judge.

Olander Patent No. 2,663,102 was issued on December 22, 1953 on a patent application filed June 9, 1950. The patent relates to ironing tables, and is particularly directed to the supporting structure for the table top.

On May 12, 1954, the J. R. Clark Company and John R. Clark (Clark) brought suit against Geuder, Paeschke & Frey Co. (GP&F) in the United States District Court for the Eastern District of Wisconsin, charging infringement of Claim 1 of the Olander patent. The District Court found Claim 1 of the patent valid and infringed. Upon appeal to this Court, the judgment of the District Court was affirmed. J. R. Clark Company v. Geuder, Paeschke & Frey Co., 7 Cir., 259 F.2d 737. A petition for certiorari was denied on February 24, 1959. 359 U.S. 914, 79 S.Ct. 587, 3 L.Ed.2d 576.

The interlocutory judgment entered in the District Court contained an injunc-

tion against further infringement and adjudged that profits and damages recoverable from GP&F for patent infringement be determined by a Special Master who was appointed on April 13, 1959.

On May 4, 1959, there was published in 121 U.S.P.Q. 218, a decision of the United States Court of Customs and Patent Appeals that was released on April 21, 1959, with reference to the Hortman application.[1] The Board of Appeals of the Patent Office had rejected Claims 27 and 31 as failing to patentably distinguish over certain cited prior art patents. The Court reversed the Board of Appeals holding the two claims did define patentable subject matter. Claim 27 became Claim 14 of Hortman Patent No. 2,896,347 which was issued on July 28, 1959.

Alleging that Claim 1 of Olander Patent No. 2,663,102 is the same invention described in Claim 14 of Hortman Patent No. 2,896,347, and pointing out that the application for the Hortman patent was filed almost three months earlier than the Olander patent, plaintiff commenced this independent action seeking a permanent injunction restraining Clark from enforcing its interlocutory judgment.

Clark filed a motion to dismiss the complaint upon the grounds that 1) under the doctrine of *res judicata*, GP&F is bound by the judgment in the suit wherein Claim 1 of the Olander patent was found valid and infringed, and 2) the complaint failed to state a claim upon which relief could be granted, and the issuance of the Hortman patent gives rise to no defense not previously considered. Clark later filed a motion for summary judgment and supporting affidavits. Counter-affidavits were filed. The District Court held it was without jurisdiction to enjoin the enforcement of the judgment in favor of Clark and, therefore, granted Clark's motion for summary judgment.

The issue to be here resolved is whether leave of this Court is required for a District Court to exercise jurisdiction in an independent action which seeks to enjoin a party from enforcing a judgment in its favor, which judgment has been affirmed and approved by this Court.

The learned District Judge succinctly stated his reasons for believing the District Court was without jurisdiction. In his opinion he stated:

"It is clear that had G. P. & F. moved in the original case for a new trial pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, this court would have lacked jurisdiction to entertain that motion. Butcher & Sherrerd v. Welsh [3 Cir., 206 F.2d 259], supra. G. P. & F. contends, however, that the court can do in an independent action what it clearly could not have done in the original action, that is, nullify the effect of a judgment which was affirmed on appeal, because of newly discovered evidence.

"We can see no reason for application of a different rule to independent actions than that applicable to motions for a new trial, or for holding that this court can do by indirection what it could not do directly." [26 F.R.D. 226]

Rule 60(b) Fed.R.Civ.P., 28 U.S.C.A., provides that upon motion a party may be relieved from a final judgment for various reasons including "newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); * *" Based on such a reason, the motion must be made within one year after the entry of the judgment.

Rule 60(b) also provides: "This rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment, order, or a proceeding, or to grant relief to a defendant not actually personally notified * * * or to set aside a judgment for fraud upon the court."

---

1. This decision was later published as *Application of Hortman*, 264 F.2d 911, 46 C.C. P.A. 814.

The parties to this suit seem to agree that if a judgment has not been appealed, the District Court, under certain conditions, has the power to relieve a party from a judgment, either by a motion under Rule 60(b) or by an independent suit. The controversy before us arises because the judgment of the District Court was appealed, and our Court affirmed that judgment, and our mandate was thereafter returned to and filed with the District Court.

The District Court relied principally upon three cases: In re Potts, 166 U.S. 263, 17 S.Ct. 520, 41 L.Ed. 994; Butcher & Sherrerd v. Welsh, 3 Cir., 206 F.2d 259; and City of Orlando v. Murphy, 5 Cir., 94 F.2d 426.

In the Potts case, supra, the Supreme Court relied upon and quoted as follows from In re Sanford Fork & Tool Co., 160 U.S. 247, 255, 16 S.Ct. 291, 293, 40 L.Ed. 414,

"When a case has been once decided by this court on appeal, and remanded to the Circuit Court, whatever was before this court, and disposed of by its decree, is considered as finally settled. The Circuit Court is bound by the decree as the law of the case; and must carry it into execution, according to the mandate. That court cannot vary it, or examine it for any other purpose than execution; or give any other or further relief; or review it, even for apparent error, upon any matter decided on appeal; or intermeddle with it, further than to settle so much as has been remanded."

In the Welsh case, supra, the case was originally tried in 1944, and plaintiff obtained a judgment. The Court of Appeals affirmed and the mandate was returned to the District Court. In 1946, defendants made a motion for a new trial on the ground of newly discovered evidence. A petition was filed with the Court of Appeals asking leave for the District Court to consider the motion. The petition was denied, and the mandate was returned to the District Court. In 1948, there was a "renewal" of the motion for a new trial. This was denied by the District Court and the Court of Appeals affirmed.

In 1952, defendants, without applying for leave of the Court of Appeals, filed another motion for a new trial, and the District Judge granted the motion. The trial judge relied upon Rule 60(b). The Court of Appeals stated, 206 F.2d at page 262:

"* * * Where a judgment has been affirmed on appeal and the mandate handed down it is beyond the power of the lower court to disturb the judgment without leave of the appellate court. * * * What is here involved is an utter lack of jurisdiction to act. * * *

"Respondent contends that recent amendments to Rule 60(b) of the Federal Rules of Civil Procedure confer upon the trial court the power to grant relief from the operation of a judgment without prior approval of the appellate court. We cannot subscribe to this contention. Rule 60(b), while enlarging the power of the District Courts over judgments * * * does not confer upon District Courts the power to alter or amend a judgment which has been affirmed by this Court or the Supreme Court, for such alteration would affect the decision of the reviewing court, which it is not within the power of the District Courts to do."

GP&F insists that these two cases do not limit the power of a District Court to enjoin enforcement of a judgment when such relief is sought in an independent action. GP&F insists that the savings clause in Rule 60(b) preserves the jurisdiction of the District Court to entertain such an independent action. The argument is made that the cases relied on by Judge Tehan are distinguishable because they involved ancillary proceedings and were not independent actions.

Ignoring the lack of any direct precedent to support GP&F's position, we think there is no reasonable basis for

applying a different rule in the case of an independent action. The reasons usually cited for requiring leave of an appellate court in an ancillary proceeding are likewise applicable to an independent action. Among such reasons are, finality of judgments; absence of power in the lower court to change or revise the mandate of an appellate court, and the authority and rightful concern of an appellate court to protect the integrity of its judgments.

■ We hold that the District Court was correct in holding that it did not have jurisdiction to entertain the independent action without leave having first been obtained from this Court.

The second issue in this suit is the alternative request of GP&F that this proceeding be treated as one seeking from this Court leave for the District Court to entertain the independent action. In Pickford v. Talbott, 225 U.S. 651, 657, 32 S.Ct. 687, 56 L.Ed. 1240, the Court held that a showing must be made that it would be manifestly unconscionable for the successful adversary to enforce the judgment.

If, from the record before us, we are able to determine that Hortman Patent No. 2,896,347 and Olander Patent No. 2,663,102 are not the same invention, it would be a useless gesture to grant GP&F leave to file its action in the District Court.

In the case which was here previously on appeal, the District Court held Claim 1 of the Olander Patent No. 2,663,102 was "good and valid in law." It also held the "Mary Proctor" ironing table did not suggest the invention of the patent in suit, and that the Mary Proctor table is substantially identical with the Hild Patent No. 2,546,097 which the Patent Examiner considered and rejected. We affirmed the District Court's decision.

The Mary Proctor table was manufactured by Proctor Electric Company, the assignee of the Hortman patent. Clark insists the ironing table disclosed by Hortman in Patent No. 2,896,347 is substantially, if not actually, identical with the Mary Proctor table considered by us on the previous appeal.

The decision of the United States Court of Customs and Patent Appeals (264 F.2d 911) in allowing Hortman Claim 14, did not pass upon the validity of Claim 1 of the Olander patent. We were informed on oral argument in the case at bar that the attention of the Court of Customs and Patent Appeals was directed to the decision of this Court, sustaining the validity of Claim 1 of Olander Patent No. 2,663,102, but in the opinion of the United States Court of Customs and Patent Appeals, no mention is made of our decision. It is a legitimate inference that that Court did not intend to hold that Olander was not the inventor of the subject matter of Claim 1 of his patent.

Also to be considered is that Claim 14 of the Hortman Patent did not exist until May 3, 1957 which was nearly four years after the Olander Patent was issued.

In considering whether the enforcement of the judgment in the case here previously would be unconscionable, we may consider that GP&F vigorously litigated the issue of validity and infringement of the Olander Patent in the trial court, in this Court, and petitioned the Supreme Court for certiorari. Both the District Court and this Court noted that GP&F deliberately copied the Olander invention immediately after it appeared on the market. Also, that in the course of the litigation, GP&F sold its ironing table business to Jones & Laughlin Steel Corporation. As a result of this sale, Clark felt compelled to prosecute a new suit in the United States District Court for the Southern District of Indiana.

■ Although the phraseology of Claim 14 of the Hortman Patent and Claim 1 of the Olander Patent are, in some respects, similar, there are important differences. The two claims are directed to different concepts and combinations of elements. Claim 14 of the Hortman Patent does not respond to certain limitations contained in Claim 1 of the Olander Patent.

We conclude there are no reasons in equity why the enforcement of the judgment in the previous case should be restrained. Therefore, considering the instant appeal as a petition to this Court to grant leave to the District Court to entertain the independent action, such petition is denied.

Judgment affirmed.