**WILSON RESEARCH CORPORATION,**
**Plaintiff,**

v.

**PIOLITE PLASTICS CORPORATION,**
**Defendant.**

**Civ. A. No. 62–586.**

United States District Court
D. Massachusetts.

July 16, 1964.

On Motion to Reopen Case and for
New Trial Denied Oct. 8, 1964.

See also 336 F.2d 303.

C. Yardley Chittick, Robert B. Russell, Russell, Chittick & Pfund, Boston, Mass., for plaintiff.

George W. Crowley, Kenway, Jenney & Hildreth, Boston, Mass., for defendant.

SWEENEY, Chief Judge.

This is a fairly typical patent case in which the plaintiff prayed for damages and for an injunction, and the defendant defended on the usual grounds of invalidity and non-infringement.

After trial, this court held the patent valid but not infringed and entered judgment for the defendant, 218 F.Supp. 145. The Court of Appeals, while affirming the finding of validity, reversed the finding of non-infringement and vacated the judgment, 1 Cir., 327 F.2d 139. Thereafter, on May 27, 1964, judgment was entered in conformance with the mandate of the Court of Appeals.

On June 29, 1964 the defendant filed a motion under Rule 60(b) of the Federal Rules of Civil Procedure, 28 U.S.C., for relief of the judgment on the ground of newly discovered evidence. On June 30, it moved, pursuant to Rule 62(b) to stay the execution of or any proceedings to enforce the judgment pending decision on the Rule 60 motion. The motion for a stay, which the parties agreed to submit on briefs, is the matter presently before the court.

■ Rule 62(b) provides that "[i]n its discretion and on such conditions for the security of the adverse party as are proper, the court may stay the execution of or any proceedings to enforce a judgment pending the disposition of a motion * * * for relief from a judgment or order made pursuant to Rule 60 * * *." The court should not, of course, exercise its discretion in favor of a stay unless it appears that there is, at least, a possibility that the Rule 60 motion will be successful.

■ The Rule 60 motion alleges facts, supported by affidavits, which tend to establish the invalidity of the patent in suit on the ground that the subject matter thereof was in use and offered for sale prior to the invention thereof by the plaintiff's assignor. While this particular aspect of the patent's validity was, of course, not considered by either this court or the Court of Appeals, both courts did hold the patent valid on the evidence then before them, and "[w]here a judgment has been affirmed on appeal and the mandate handed down it is beyond the power of the lower court to disturb the judgment without leave of the appellate court." Butcher & Sherrerd v. Welsh, 206 F.2d 259, 262 (3rd Cir. 1953). See also In re Potts, 166 U.S. 263, 17 S.Ct. 520, 41 L.Ed. 994 (1897) and Geuder, Paeschke & Frey Co. v. Clark, 288 F.2d 1, 85 A.L.R.2d 766 (7th Cir. 1961), cert. den. 368 U.S. 826, 82 S.Ct. 47, 7 L.Ed.2d 30 (1961). Consequently, since this court has no jurisdiction to examine or alter the judgment entered on May 27, 1964 without leave of the Court of Appeals, I shall not now stay the execution or enforcement thereof.

The motion under Rule 62(b) is denied without prejudice to its renewal should the Court of Appeals grant leave for this court to act on the motion under Rule 60(b).

## On Motion to Reopen Case and for New Trial

After judgment in conformity with a mandate of the Court of Appeals, the defendant filed a motion under Rule 60(b), Federal Rules of Civil Procedure, 28 U.S.C., for relief from that judgment on the ground of newly discovered evidence. The Court of Appeals has recalled its mandate and granted leave to this court to consider the motion for a new trial.

This case concerned a patent for luminous ceiling panels consisting of two vinyl sheets vacuum formed into identical shallow pans with evenly shaped and spaced indentations or "dimples" and flanges around the periphery which were fused at the bottom of the indentations and at the flanges. Application for the patent—U. S. 2,996,609—was made on July 7, 1958 and the patent was granted on August 15, 1961.

236

The newly discovered evidence, set out in affidavits, is that a Mr. Douglas H. Baker, in 1955, conceived and constructed a vinyl ceiling panel which looked like two dimpled sheets or muffin tins sealed back to back and which had flat plastic sheets sealed to the top and bottom to provide flat exterior surfaces. The defendant claims that this Baker construction anticipated the invention of the patent in suit and that, therefore, the patent is invalid.

Rule 60(b) provides, insofar as relevant, that " * * * the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: * * * (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); * * *." The evidence must be such as was not and could not with diligence have been discovered in time for the original trial, and it must be of such material and controlling nature as would probably induce a different result. Fulenwider v. Wheeler, 262 F.2d 97 (5th Cir. 1959); Boomhower v. American Automobile Insurance Co., 102 U.S.App.D.C. 144, 251 F.2d 385 (1958); 7 Moore, Federal Practice, par. 60.24 (1955).

There is no question of lack of diligence on the part of defense counsel, but the plaintiff strongly denies that the new evidence is reasonably certain to produce a changed result. I agree with the plaintiff.

Assuming the truth, and admissibility of all the facts set out in the affidavits, the Baker construction, nonetheless, would probably not invalidate the Wilson patent, which presents essentially two features—dimples abutting and flanges sealed against each other. It appears from the file wrapper that the second of these features, the examiner felt, distinguished Wilson's invention from the prior art, including Baker's single-muffin tin panel. The double-muffin tin construction, while it embodies the first feature, does not even suggest the second.

The affidavits, moreover, do not make out a case for prior public use which is reasonably certain to defeat Wilson's patent. While Baker did make by hand several very crude samples of the double-muffin tin panels, which he did show his superiors, he recognized that they were not commercially usable and he immediately abandoned them. See Gayler v. Wilder, 10 How. 477, 51 U.S. 477, 13 L. Ed. 504 (1850); Carson v. American Smelting & Refining Co., 11 F.2d 764, 766 (9th Cir. 1926).

The motion to reopen the case and for a new trial is accordingly denied.