**WILSON RESEARCH CORPORATION,**
Plaintiff, Appellant,

v.

**PIOLITE PLASTICS CORPORATION,**
Defendant, Appellee.

No. 6128.

United States Court of Appeals
First Circuit.

Sept. 16, 1964.

Robert B. Russell and Russell, Chittick & Pfund, Boston, Mass., for appellant.

George W. Crowley, Herbert P. Kenway and Kenway, Jenney & Hildreth, Boston, Mass., for appellee.

Before WOODBURY, Chief Judge, and HARTIGAN and ALDRICH, Circuit Judges.

WOODBURY, Chief Judge.

The district court in Wilson Research Corp. v. Piolite Plastics Corp., 218 F. Supp. 145, found Wilson's patent valid but not infringed and entered judgment accordingly. This court on appeal, 327 F.2d 139 (1963), did not disturb the district court's finding of validity but held the patent infringed and entered judgment "vacating the judgment of the District Court and remanding the action to that court for further proceedings not inconsistent" with its opinion. The district court thereupon entered judgment in conformity with this court's mandate.

About a month later the defendant moved in the court below under Civil Rule 60(b) for relief from that court's judgment in conformity with our mandate on the ground of newly discovered evidence and for a stay of execution of the judgment pending decision on its motion in which it alleged facts supported by affidavits tending to show the invalidity of the patent on the ground that the

subject matter thereof was in use and offered for sale prior to the invention of the plaintiff's assignor. The court below held that it had no jurisdiction to examine or alter the judgment it had entered on the mandate of this court without our leave and denied the defendant's application for stay of execution under Civil Rule 60(b) but without prejudice to its renewal should this court grant it leave to act on the motion. The defendant thereupon filed a motion in this court for recall of our mandate and for leave for the district court to consider its motion under Rule 60(b).

Butcher & Sherrerd v. Welsh, 206 F.2d 259 (C.A. 3, 1963), cert. denied, Alker v. Butcher & Sherrerd, 346 U.S. 925, 74 S.Ct. 312, 98 L.Ed. 418 (1954), and Geuder, Paeschke & Frey Co. v. Clark, 288 F.2d 1, 85 A.L.R.2d 766 (C.A. 7), cert. denied, 368 U.S. 826, 82 S.Ct. 47, 7 L.Ed. 2d 30 (1961), are authorities in support of the district court's position, although perhaps distinguishable on the ground that in those cases general mandates of affirmance were involved. In re Potts, 166 U.S. 263, 17 S.Ct. 520, 141 L.Ed. 994 (1897), however, squarely supports the decision of the district court.

In Potts v. Creager, 155 U.S. 597, 15 S.Ct. 194, 39 L.Ed. 275 (1895), the Court reversed a decree of a circuit court holding a patent invalid and remanded the case for further proceedings in that court in conformity with its opinion. The circuit court thereupon entered a decree "in conformity with the said mandate" setting aside its former decree, adjudging the patent valid and infringed, and referring the case to a master for an award of damages. The master filed his report, but before action thereon the defendants petitioned for a rehearing on the ground of newly discovered evidence affecting the novelty of the invention, and the circuit court granted the petition. The Court in In re Potts, supra, held this action of the circuit court to be "irregular and unauthorized," 166 U.S. page 268, 17 S.Ct. page 522, and beyond

its power without first obtaining the Supreme Court's permission.

In re Potts rules the case at bar unless its holding has been superceded by Rule 60(b), Fed.R.Civ.P., which in general terms affords relief from judgments or orders for a variety of reasons including newly discovered evidence. It provides, with an inapplicable time limitation, insofar as material: "On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: * * * (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b) * * *."

The Rule is general in its terms. It draws no distinction between original final judgments and final judgments entered on mandate of an appellate court. But we can hardly believe that a rule of civil procedure could have been intended *sub silentio* to supercede a square holding of the Supreme Court of the United States. Indeed, this conclusion is buttressed by the Supreme Court's failure to act upon the 1955 Report of the Advisory Committee on Rules for Civil Procedure wherein the Committee characterized the requirement of leave from an appellate court to consider motions such as the one presented to the court below as a "useless and delaying formalism" and a "barren requirement" and proposed the addition to Rule 60(b) of the following sentence: "Such motion does not require leave from an appellate court, though the judgment has been affirmed or settled upon appeal to that Court." See Chief Judge Sobeloff's discussion in Tribble v. Bruin, 279 F.2d 424, 427 (C.A. 4, 1950). The court below properly declined to act upon the motion before it without our leave.

However, since a trial court is in a much better position to pass upon the issues presented by motions for new trials on the ground of newly discovered evidence than appellate courts, and there appearing in this case no convincing

reason why a new trial ought not to be allowed:

An order will be entered granting the defendant-appellee's motion to recall our mandate and giving the District Court leave to consider its motion for a new trial.