Martin, Judge,
delivered the opinion of the court:
This appeal is a review of the board’s affirmance of the rejection of appellant’s claims 9 and 10 in application serial No. 780,603 for a “Multi-Can Package and Blank,” filed December 15,1958. The specification states that this application is a continuation in part of serial No. 557,885, filed January 9, 1956. No claims stand allowed. The question is one of obviousness under 35 USC 103.
The invention is a paper wrapper of the type used for six-packs of canned items. Its major featui’es are best understood by reference to Figures 2 and 5 of the application reproduced below:

As the first major feature of the invention, a paper blank is tightly wrapped around the cans so that the rims or chimes 8 and 22 of the cans protrude through arcuate slits provided therefor. The second major feature is a display strip 10 which is positioned by folding-in extensions 11, which terminate midway along the side panels 3, so that the extensions spring past the cans and are tightly secured thereby.
*1021 The following references were relied on for the rejection:
Kinkenon, 2,033,526, Mar. 10,1936.
Murray, 2,765,073, Oct. 2,1956.
André, 2,828,009, Mar. 25,1958.
Fisher, 2,889,040, June 2,1959.
Filmer Ltd., et al. (British), 736,218, Sept. 7,1955.
Claims 9 and 10 were rejected by the examiner as unpatentable over André, showing a tightly wrapped slitted sleeve-type wrapper, in view of Fisher, Filmer or Kinkenon, all of which show a display strip. Additionally, claim 10 ivas rejected as unpatentable over Murray, who has showings similar to André in view of each of the secondary references. Neither the board nor appellants make any distinction between the claims or between such rejections. On analysis of the claims and references, we also see no reason to do so and accordingly will treat them together.
An inspection of figures 2 of André and 8 of Murray below show the tightly wrapped sleeve-type wrapper with slits for the chimes of cans:

Typical of the secondary references showing the other major feature, the display strip, is Fisher:

*1022 Fisher has two display strips 12 and 13, which are joined along the sides by a connecting extension 10. This extension is sprung past the cans in the folded condition as shown best in Fig. 6. Pull tab 23 facilitates reopening the package. The Filmer reference shows a single display strip along the lower edge of an open-ended sleeve. The infolded extension continues around the remaining three edges and is secured on the sides by staples. Kinkenon also shows a single display strip with full side extensions.
The following analysis of representative claim 10 shows portions of the claim in two columns according to the correspondence said to exist between the primary and secondary references:[1]

*1023

The italicized portions, referred to by letters A-D, are said by appellant not to be found in the references and are alleged to form the basis of the unobviousness of the combination. We do not agree.
Regarding italicized portion A, we see it to be no more than an obvious matter of choice to terminate the extension midway along the sides. Appellant’s specification does not indicate that any particular significance was placed on that detail of the wrapper for it states:
* * * While the extensions 11 may continue the full widths of the panels 3, if desired, there is no actual need for it in the present invention, and they are therefore indicated as terminating along diagonally extending free end edges 15 at points intermediate the end edges of the panels 3.
Appellant contends that a saving of paper is obtained by the use of shorter, or “terminating,” extensions since the blanks can be nested in cutting them from a paper strip. Assuming the record supports this saving, it is not persuasive of patentability since it is obvious to consider such matters in the design of blanks.
Regarding italicized portion B, appellant states that the wrapper of Fisher is a loose one and the extensions may be reopened by means of pull tab 23. This is said to be in contrast to the present invention in which the extension is tightly secured in position. Fisher recognizes that the cans will lock the folded extension in place, stating:
*1024 * * * if each closing flap [side extension] is moved inwardly further along its hinge line [fold], the outer end of each flap will first engage the periphery of the can and, upon further movement in the same direction, will bend and then straighten out and be locked against the back of the can.
It is apparent that a slitted wrapper of the type of Murray or André, by permitting the chimes to project through the arcuate slits, will result in a tight fit between the cans and sides of the wrapper. It follows predictably that a more snug fit is obtained when the display strip is used with the slitted-type wrapper. Moreover, that italicized language of the claim does not permit any distinction over the somewhat looser wrapping of Fisher.
Italicized portion C refers to interlocking tabs which secure the ends of the sleeve together. For that purpose we find tabs in the Andró patent, and glue in both André and Murray. Portion D merely refers to the strips and extensions in their relative positions as earlier recited in the claim, which were amply discussed above.
Appellant argues that the combination of references is improper, stating:
However, for such a rejection to be proper, it is necessary that at least one of the references suggest the combination or the selection from and incorporation of features into the other. As stated [in] In re Hortman, 46 CCPA 814, [264 F. 2d 911] 121 USPQ 218, 220 (1959) :
“It is well settled that references may not be combined where “there is no suggestion in either of the references that they can be combined . . .’ to meet the recitation of appellant’s claims. In re Shaffer [43 CCPA 758, 229 F. 2d 476, 108 USPQ 326] * * *.”
To the same effect are In re Rothermel and Waddell, 47 CCPA 866, [276 F. 2d 393] 125 USPQ 328 (1960) and In re Pavlecka, 50 CCPA 1406, [318 F. 2d 339] 138 USPQ 152 (1963). The latter decision points out that the appellant’s disclosure may not be used as the source of the suggestion for combining features of various references, but that such suggestion must come from the references themselves.
We disagree not with the principles set forth in those cases, but with the application of them as controlling in all fact situations involving the question of obviousness. Each case involving the question of obviousness must ultimately rest on its own facts; those facts here dictate a holding that the combination is obvious. As stated recently in In re Conti, 52 CCPA 817, 337 F. 2d 664, 143 USPQ 242, Judge Almond speaking for the court, 143 USPQ at 248:
* * * We think that the structures shown in the references when contemplated by one of ordinary skill in the art would, in themselves, suggest or hint at the combination of old features here claimed.
In our opinion that is the situation here.
For the foregoing reasons the decision of the board is affirmed.
Smith, J., concurs in the result.

 This analysis is from appellant’s brief.